LAW, The GEORGE. See Cases Nos. 5,336 and 5,337.

LAWHEAD (UNITED STATES v.). See Case No. 15,570.

LAWRASON (MASON v.). See Case No. 9,242.

## Case No. 8,133.

### In re LAWRENCE et al.

[10 Ben. 4;[1] 18 N. B. R. 516; 26 Pittsb. Leg. J. 143.]

District Court. S. D. New York. June 19, 1878.

ACT OF BANKRUPTCY — VOLUNTARY ASSIGNMENT DEFECTIVE AS TO ITS EXECUTION.

1. Creditors of a firm, composed of five persons, filed a petition in bankruptcy against the firm. On the return day certain other creditors appeared and moved for leave to intervene and con-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

test the adjudication, on the ground that the assignment was void, being executed by only three of the five partners personally, and in the firm name by one partner, signing as attorney in fact, but, as the moving creditors alleged, not having any power of attorney from the firm authorizing him to execute the assignment: *Held*, that, as it was not alleged that the other partners did not consent to the assignment, the motion must be denied, for the making of the assignment with their consent would be an act of bankruptcy, even though the execution of the assignment were defective.

2. The levies of execution by the creditors applying to intervene after the filing of the petition gave them no greater right to intervene than creditors at large have.

[In the matter of James Lawrence and others, alleged bankrupts.]

F. N. Bangs, for the motion.
Geo. Bell and E. G. Bell, opposed.

CHOATE, District Judge. Petition by creditors against five partners constituting the firm of Henry Lawrence & Sons. The act of bankruptcy alleged in the petition is the making of a voluntary assignment by the firm for the benefit of creditors. Upon the return day of the order to show cause certain creditors of the alleged bankrupts, not being petitioning creditors, appear and move for leave to intervene and contest the adjudication, upon the ground that the voluntary assignment was void, being executed by only three of the five partners personally and in the firm name by one of the partners signing as attorney in fact for the firm; and the affidavits of the creditors moving to intervene allege on information and belief that the partner signing for the firm "never held any power of attorney from the firm or any member thereof empowering him in the name of said firm to make or execute said pretended assignment."

The moving creditors have since the filing of the petition prosecuted to judgment actions against the alleged bankrupts commenced before the filing of the petition, and they claim to have made levies on their executions issued under said judgments.

The motion to intervene must be denied. The moving creditors do not make a case of fraud or collusion to procure an adjudication to which the petitioning creditors are not in fact entitled (In re Hopkins [Case No. 6,684], decided 19th June, 1878). Notwithstanding what they allege in regard to the want of a power of attorney, the voluntary assignment may be an act of bankruptcy. The defective execution of it, if defective, does not prevent its being an act of bankruptcy. In re Mendelsohn [Id. 9,420]. It is entirely consistent with all the facts alleged in the moving papers that the two members of the firm not signing consented to the making of the assignment. It is not alleged that they did not consent. And if they consented, it is plain enough that the assignment was an act of bankruptcy, even if defectively executed.

As to the claim of the creditors moving to intervene, the fact that they have levied on the property of the alleged bankrupts since the filing of the petition gives them no rights as against the petitioning creditors different from that of creditors at large. Vogel's Case [Id. 16,981]. Motion denied.

[This case was afterwards heard by the court upon the application of certain judgment creditors of the bankrupts to be paid out of the proceeds of real estate sold by the assignee under order of the court. The application was granted. 5 Fed. 349.]