In re SCOTT.

(District Court, N. D. Texas.    April 12, 1899.)

No. 63.

1. BANKRUPTCY—PROOF OF DEBT—STATEMENT OF CONSIDERATION.

In a proof of debt in bankruptcy, the statement of the consideration must be sufficiently full and specific to enable other creditors to pursue proper and legitimate inquiries as to the fairness and legality of the claim. If too meager or general to serve this purpose, it will be held insufficient, and the proof of debt will be expunged, unless amended on leave.

2. SAME.

In a proof of debt by attorneys at law against the estate of a bankrupt, a statement that "the consideration for said debt is for legal services performed for said bankrupt during the year 1898" is insufficient. Unless itemized and made specific, on leave given to amend, the claim will be expunged.

In Bankruptcy.    On exceptions to ruling of referee.

Victor H. Hexter, for petitioning creditors
Craddock & Looney, pro se.

MEEK, District Judge.    Petitioning creditors in the matter of Murrell Scott, bankrupt, except to the action of the referee in overruling motion to compel amendment or expunge the claim of Craddock & Looney, attorneys, against the estate of the bankrupt, which had theretofore been allowed by the referee at the first meeting of creditors. The matter is before me on certificate of the referee. The formal parts of the proof of debt conform to the provisions of the bankruptcy law and the forms promulgated by the supreme court. The statement of the consideration is as follows: "That the consideration for said debt is for legal services performed for said Scott

during the year 1898." Subdivision (a) of section 57 of the bankrupt act provides, among other things, that proof of claim shall set forth the claim and the consideration therefor. General order 21 of the supreme court is in part as follows: "Depositions to prove debts existing in open account shall state when the debt became or will become due; if it consists of items maturing at different dates the average due date shall be stated, in default of which it shall not be necessary to compute interest upon it." The statement of the claim and the consideration therefor, as set forth in the proof of debt of Craddock & Looney, is of the most general character, and affords no light to parties in interest. The claim may be for a retaining fee; it may be for one transaction extending through a portion of the year, or it may be for several items of professional service rendered during the course of the year. While order 21 does not directly provide that accounts made up of items shall be itemized, and would seem to relate to the fixing of an average due date where items fall due at different dates, and provides a penalty for failure to fix the average due date by the forfeiture of interest on said account, yet the order is predicated on the theory that accounts consisting of items will be itemized. It is conforming to the simplest business method to set forth the items which make up the account which is to be presented to the debtor. It is very necessary that this should be done when the debtor's property has become a common fund for application ratably in the payment of his debts, for then all creditors have an interest in each account presented, and they can know nothing of the nature of the account except through the disclosures of the proof of debt. The statement of consideration should be sufficiently specific and full to enable creditors to pursue proper and legitimate inquiry as to the fairness and legality of the claim, and, if it is so meager and general in character as not to do this, it must be held insufficient. I am of the opinion that the statement of consideration in this instance is insufficient in this respect, and that the steps taken by the petitioning creditors are sufficient in law to secure to them the rights sought to be enforced. Wherefore, the action of the referee in refusing the application of petitioning creditors to have claim of Craddock & Looney amended or expunged is hereby set aside, and the said Craddock & Looney are given 10 days from date hereof within which to amend proof of debt, and, in event of their failure so to do within said time, the referee will expunge the proof of debt now on file from the record of the case.