## In re STEVENS et al.

(District Court, D. Vermont. October 6, 1900.)

BANKRUPTCY—CLAIMS—SUFFICIENCY OF STATEMENT.

A claim against a bankrupt embraced a number of notes, on some of which the bankrupt was liable as maker and on others as indorser. Some were payable so many days after date, and some so many days after discount. The consideration of each was alleged to be money advanced equal to the face of the note, less the discount. It was further stated that they had become collateral to a note of others, which had been in part paid. *Held*, that it was essential that the claim should show the date of the several discounts, the exact amount advanced as the consideration for each, and should state explicitly the action taken, to fix the liability of the bankrupt on those upon which he was indorser only.

In Bankruptcy. On objection by trustee to sufficiency of claim.

Henry C. Bates, for claimant.

George Young, for trustee.

WHEELER, District Judge. The Lamoille County National Bank has filed a claim for a balance due upon 11 notes, to each of which the bankrupt firm is alleged to have been a party in various ways, as maker or indorser, and which are alleged to have become collateral, with 12 other notes, to a note of other makers, without other consideration than these 23 notes. Upon this new note $7,162.55 has been paid by the parties liable thereon. Some of the original notes were to become due so many days after discount, and some so many days after date, and on some the firm was a party as indorser only. The consideration of each of the originals is stated to have been money advanced to an amount equal to the face of the note, less the discount; but neither the date of discount, nor the amount advanced, nor to whom, is otherwise made to appear, and where the firm was an indorser, notice of nonpayment is not stated, but as having been given or waived, in the alternative. The trustee has objected to the proof of claim for these defects. The law may apply the payment to the notes earliest in maturity, and make the date very material. Langdon v. Bowen, 46 Vt. 512. Neither the time of maturity of the notes running from the date of discount, nor the amount advanced upon those running from date, can be ascertained without knowing the date of discount. The amount advanced upon each note is the consideration of that note, and that consideration is by law expressly required to be stated in the proof of claim, which includes to whom, and when, it moved. And where the liability is that of an indorser, that it became fixed is an element of the claim, and must be stated directly. For each of these several necessary requirements, the objections must be sustained. Leave to amend has however been asked, and is granted. Objections sustained, with leave to amend within 30 days.