### In re BLUE RIDGE PACKING CO.

(District Court, M. D. Pennsylvania. November 3, 1903.)

#### No. 355.

1. BANKRUPTCY—MEETING OF CREDITORS—ALLOWANCE OF PARTICIPATING CLAIMS.

   The fact that at the head of the proof of a claim in bankruptcy the title of the court is not given, as required by Gen. Order 21 and Form No. 31 (89 Fed. ix, xlii), is not sufficient to vitiate the proof so as to prevent the creditor's participation in the creditors' meeting.

**2. SAME.**

Where the consideration for a claim against a bankrupt is stated in the proof to be for "printing done for said bankrupt at his request heretofore, to wit, in September, 1903, as per bill rendered," the specification is insufficient, as the items of the account should be given; and the creditor is not entitled to participate in the creditors' meeting.

**3. SAME.**

Where, in the proof of a creditor's claim in bankruptcy, the debt is said to be for "goods, wares, and merchandise sold and delivered by claimant to bankrupt, at its request, consisting of green truck and vegetables, amounting to said sum of $140, with interest from * * *, being the balance due on said claim on book account," the specification is insufficient, in the absence of the items of the account, and the creditor is not entitled to participate in the creditors' meeting.

**4. SAME.**

Where the proof of a creditor's claim in bankruptcy recites that the consideration is "2,500 jar tops at $2.00 per 1,000=$50. ⅓ blue, ⅓ white, ⅓ red"—the specification is sufficient, and the creditor is entitled to participate in the creditors' meeting.

**5. SAME.**

The absence of the date to a creditor's claim in bankruptcy is a fatal defect, which will prevent his participation in the creditors' meeting.

**6. SAME—LETTER OF ATTORNEY.**

In bankruptcy proceedings under Gen. Order No. 21, requiring that a letter of attorney executed on behalf of a partnership must show that the person executing it is a member of the firm, the fact that such statement is contained in the proof of debt accompanying the letter, though absent from the letter itself, is sufficient to entitle the attorney to represent the creditor in the creditors' meeting.

**7. SAME—PROOF OF CLAIM—SUFFICIENCY.**

Where, in a creditor's proof of claim in bankruptcy, the consideration is stated as "goods and merchandise sold," as evidenced by two notes, a memorandum of which is said to be given in the bill attached, the specification is insufficient to entitle the creditor to participate in the creditors' meeting, for, if he intends to stand on the account, he should have given the items, and, if on the notes, they should be produced and filed.

**8. SAME—PRODUCTION OF LETTER OF ATTORNEY—TERMINATION OF MEETING.**

Where a power of attorney authorizing its holder to represent a creditor at a meeting of a bankrupt's creditors is mislaid, and not produced until the meeting is over, the attorney is properly refused the right to participate.

**9. SAME—TRUSTEES—QUALIFICATION.**

The fact that one who is chosen by the creditors as trustee in bankruptcy advised the voluntary assignment under the state law which constituted the act of bankruptcy, does not render him incompetent as trustee.

**10. SAME.**

The fact that one who is chosen by a bankrupt's creditors as trustee had a law office with an attorney who represented certain stockholders of the bankrupt, who claimed to be creditors, but whose claims were to be contested, and that these persons were former clients of the trustee, and put their claims into his associate's hands at his suggestion, and that the trustee's election was with the aid of such persons, is insufficient to make his selection an improper one, but merely calls for its close scrutiny.

**11. SAME.**

The selection by a bankrupt's creditors of a trustee is not to be interfered with by the court unless it clearly imperils the fair and efficient administration of the estate.

In Bankruptcy. On certificate from referee.

R. L. Cannon, for the exceptions.

H. W. Dunning, opposed.

ARCHBALD, District Judge. The exceptions are directed to the action of the referee in receiving and rejecting claims at the meeting of creditors called to elect a trustee, and to his approval of the person there chosen. Objection is made to the allowance of the claims of W. M. Alexander and of A. G. Helfrich because the title of the court is not given at the head of the proof in accordance with general order 21 and form No. 31 (89 Fed. ix, xlii). But this is a mere informality, not enough to vitiate the proof if otherwise good, as it appears to be. There are other signs of carelessness in it, but the substance is there, and I think the claim was properly received.

The claims of Harrold & Fernsler, William Price, and Fred N. Bert were thrown out on the ground, in each case, that the consideration was not sufficiently stated. So far as the first two are concerned, this ruling was unquestionably correct. In the Harrold & Fernsler claim the consideration is said to be for "printing done for said bankrupt at its request heretofore, to wit, in September, 1903, as per bill rendered." This is clearly an insufficient specification. It may inform, to a certain extent, of the origin and character of the debt, but the items by which it is made up should be given. In re Elder, Fed. Cas. No. 4,326; In re Scott (D. C.) 1 Am. Bankr. R. 553, 93 Fed. 418. If this bill was represented by an account, as seems to be implied, other creditors are entitled to have it in all its particulars just as it stands.

In the Price claim the debt is said to be for "goods, wares, and merchandise sold and delivered by claimant to bankrupt at its request, consisting of green truck and vegetables, amounting to said sum of $140, with interest from * * *, being the balance now due on said claim on book account." Here there admittedly is an account, and the claimant is therefore bound to give the items, without which there is nothing in any way sufficiently informing. But I cannot agree with the referee that the same is true of the claim of Fred N. Bert. This is for $50, and the consideration is declared to be for "2,500 jar tops at $2.00 per 1000 = $50. ⅓ blue, ⅓ white, ⅓ red." For all that can be seen, this is as complete as it could be made. The real objection to this claim is that there is no date. This is certainly necessary to help individuate the debt, as well as to show that it is not outlawed, and, while it was not objected to on that ground, the defect is too patent to be passed by.

Begs and Graham made proof of claim, and were represented by power of attorney to Wm. N. Reynolds, Jr., which was held defective because not properly acknowledged. By general order 21 (89 Fed. ix), when a letter of attorney is executed on behalf of a partnership, the person executing it must make oath that he is a member of the firm. There was no such oath upon this instrument, but there was in the proof of debt which accompanied it, and I see no reason why that was not a sufficient compliance without swearing to the same thing a second time. Both were executed on the same day, and presented at the same time, and they should have been received.

The Hazel Atlas Glass Company claim is clearly defective. The consideration is stated as "goods and merchandise sold" as evidenced by two notes, a memorandum of which is said to be given in a bill

attached. If the creditors intend to stand on the account, they should have given the items; if on the notes, they should have been produced and filed. Bankr. Act July 1, 1898, c. 541, § 57b, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443].

The claim of H. N. Schooley & Son was sought to be represented at the meeting by Mr. Cannon, but, failing to produce a power of attorney to do so, it was rejected. Later in the day, and after the election had been held and closed, the missing paper was brought forward, but the referee held that this was too late. If the meeting of creditors to elect a trustee was still in progress, the vote should have been received; but, according to the report of the referee, which is uncontradicted, it was not, and, if so, the power was produced too late. The other creditors who attended the meeting had the right to inspect it, as well as the proof or debt on which it was based, for the purpose of making possible objections, which they could not do after the meeting had broken up and they had left.

The action of the referee being thus sustained in every instance but one, the result of the meeting is not changed. A. L. Williams was elected over D. A. Fell by a vote of 14 to 8, the debts represented by the majority in number constituting also a vast preponderance in amount. The only question, therefore, is whether the selection so made should have been approved. Mr. Williams is objected to because he advised the assignment for the benefit of creditors under the state law, which was the act of bankruptcy complained of, and was himself the assignee; but I fail to see how this unfits him to act now. The assignment, in purpose, was for the benefit of creditors, and was neither illegal nor fraudulent, whatever ground it may have laid for the present proceedings. Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165. It is also urged that he is intimately associated with Mr. Dunning in the law, the two having offices together, although not partners; that Mr. Dunning represents certain stockholders of the bankrupt corporation who claim to be creditors, but whose claims are to be contested; that these parties were former clients of Mr. Williams, and put their claims into Mr. Dunning's hands at his suggestion; and that both of them worked with these and other creditors to secure Mr. Williams' election. But, notwithstanding all that is so charged, I am satisfied of the qualification and integrity of Mr. Williams, who is personally known to me, and I take the same view of the matter as does the referee—that these things do not necessarily make the election an improper one, but only call for a close scrutiny of it; and, after a careful examination of the whole situation, I see no occasion to disapprove. It is to be remembered in all such cases that the choice of a trustee is lodged by the law with the creditors constituting a majority in number and amount, and that their selection is not to be interfered with, unless it clearly imperils the fair and efficient administration of the estate. I am not persuaded that there is any such danger in the present instance, and, if it should prove otherwise, the objecting creditors have their remedy by an application hereafter to remove.

The exceptions are overruled, and the action of the referee, except in the one particular noted, is approved.