GRIFFIN v. DUTTON et al.

(Circuit Court of Appeals, First Circuit. December 16, 1908.)

No. 789.

1. BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—ASSIGNMENT FOR CREDITORS.
   Where a bankrupt intended to make, and in fact executed, a general as-
   signment for the benefit of creditors in the usual form, and the assignee,
   by sending a notice of a meeting of creditors, stating that the assignment
   had been made to him, and by other acts acknowledged and ratified his
   appointment thereunder, such facts were sufficient to establish a general
   assignment for the benefit of creditors, constituting an act of bankruptcy,
   though the original assignment was lost, and the evidence failed to show
   with certainty the form in which it was signed.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig.
   § 60.*]

2. BANKRUPTCY (§ 60*) — ACTS OF BANKRUPTCY—ASSIGNMENT FOR CREDITORS—
   VALIDITY.
   Where a bankrupt executed an instrument intended for, and which pur-
   ported to be, a general assignment for the benefit of creditors, she com-
   mitted an act of bankruptcy, whether the assignment was valid or not.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig.
   § 60.*]

Appeal from the District Court of the United States for the District
of Massachusetts.

William R. Bigelow (William B. Sprout and Thayer & Perry, on
the brief), for appellant.

Charles M. Thayer (J. Otis Sibley, on the brief), for appellees.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

COLT, Circuit Judge. This appeal involves the question whether
Jennie M. Griffin, the appellant, committed an act of bankruptcy by
making a general assignment for the benefit of creditors within four
months from the filing of the creditors' petition. Bankr. Act July 1,
1898, c. 541, § 3 (4), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422).

The material facts, as found by the referee, are as follows:

"Mrs. Griffin carried on the business formerly carried on by her husband,
in the name of Estate of John J. Griffin. * * * Business was carried on
until some time in April, 1907, when attachments were placed on the prop-
erty. On April 26, 1907, an assignment for the benefit of creditors to James
Early was signed by Mrs. Griffin and delivered to Mr. Early. This assign-
ment was not produced in evidence, and all parties who had had it at any time
in their possession testified that they had made diligent search therefor, and
that it could not be found. A printed blank form is forwarded herewith, mark-
ed 'Exhibit C,' and it is agreed that this form, so far as the printed matter
is concerned, is the form in which the assignment was made. It did not clearly
appear exactly how this assignment was signed. Mrs. Griffin testified that
she thinks she probably signed it 'Jennie M. Griffin, Executrix,' but could not
say positively. It was, however, signed by Mrs. Griffin in some form, either
with or without reference to the estate or to her executorship. Subsequent to
the making of the assignment a notice was sent to the creditors of John J.
Griffin Estate. * * * Pursuant to that notice a meeting was held at which
Mrs. Griffin was present, and she testified that a statement was made to the
creditors at that time. * * * The deputy sheriff and his keeper remained in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge of the property from the date of the attachment in April, 1907, until long after the assignment was signed, and long after these proceedings were begun. * * * Mr. Early could not remember whether he ever signed the document accepting the assignment as assignee. Mr. Vaughan, one of the counsel for Florence M. Griffin, testified that, when he last saw it, it was not signed by Mr. Early. Mr. Early consulted Mr. Vaughan, who then acted as one of the counsel for Mrs. Griffin, about what he should do under the assignment, and Mr. Early also applied to Charles M. Thayer, counsel for the petitioners, and to Henry F. Harris, Esq., an attorney in Worcester, who represented other creditors, and asked them to assent to the assignment on behalf of their clients, but did not obtain the assents. Mr. Early had the property appraised by three competent appraisers. He visited the place of business, but did not formally take charge, nor interfere with the keeper who was in charge under the deputy sheriff. He caused the notices to creditors to be sent out, and attended the meeting. As a result of the meeting a committee of the creditors was chosen, and from that time Mr. Early has done nothing with regard to the property."

The following is the form of the notice sent by Early:

"A meeting of the creditors of the John J. Griffin Estate will be held at the factory, No. 105 Shrewsbury street, Worcester, Massachusetts, on Monday, May 6, 1907, at 2:30 p. m., to see what action will be taken in regard to an assignment for the benefit of its creditors made to me April 26, 1907, and in regard to any other matters which may arise. James Early, Assignee."

Upon this state of facts the referee found:

"The first allegation of an act of bankruptcy in the petition is established, to wit, the making within four months of the date of filing the petition of a general assignment for the benefit of creditors."

The District Court affirmed this finding, and on June 9, 1908, adjudged the appellant a bankrupt.

The original assignment having been lost, the evidence fails to show with certainty the form in which the bankrupt signed the instrument. For the same reason it is not shown with absolute certainty that the assignee signed it, although the evidence strongly points to the conclusion that it was in fact signed by him. It does, however, clearly, appear that in April, 1907, the bankrupt intended to make, and in fact executed, a general assignment for the benefit of creditors in the usual form of such assignment; and it also appears that the assignee by his acts, and especially by sending out a notice of a meeting of the creditors in which it is stated that the assignment was "made to me," acknowledged and ratified his appointment as trustee under that instrument. In our opinion, these facts are sufficient to establish a general assignment for the benefit of creditors within the meaning of the bankruptcy act.

Such an assignment is sufficient in form, and constitutes an act of bankruptcy, if it purports to be a general assignment for the benefit of creditors, signed by the bankrupt and duly ratified by the trustee named therein. Nor is it necessary that the assignment should be valid for all purposes, as, for instance, that the creditors should assent thereto. The language of the bankruptcy act is general. It makes no distinction between strictly valid instruments and those which may be invalid for certain purposes. To limit its operation to those assignments which are in all respects valid would be contrary to the intent and purpose of the act.

This provision of the bankruptcy act came before the Court of Appeals for the Second Circuit in the case of In re Meyer, 98 Fed. 976, 980, 39 C. C. A. 368, 371. In that case the assignment was made by only one partner, and Judge Wallace, in the opinion of the court said:

"Apparently the partner who did not join has ratified, by acquiescence, the act of the partner who executed it. However this may be, in denominating the making of a general assignment for the benefit of creditors an act of bankruptcy, Congress did not make any distinction between valid or invalid instruments, but used terms which would reach the execution of any instrument which is, or purports to be, a general assignment."

See, also, In re Lawrence, 10 Ben. 4, Fed. Cas. No. 8,133; In re Mendelsohn, 3 Sawy. 342, Fed. Cas. No. 9,420.

The decree of the District Court is affirmed, and the appellees recover costs in this court.