In re GRIFFIN.

(District Court, D. Massachusetts. July 2, 1910.)

No. 12,624.

1. BANKRUPTCY (§ 330*)—CLAIMS—SUFFICIENCY.

Where at the time an executrix became a bankrupt she was holding the share of her husband's estate bequeathed to his daughter, to be paid to the daughter when she became 30 years of age, such time not having arrived, a claim filed by the daughter's guardian, charging that the bankrupt was indebted for the daughter's share of her father's estate in the sum of $20,650, but which stated no facts to show that the claim was based on negligence of the bankrupt in managing the funds, was insufficient to justify an allowance of the claim on the theory that funds belonging to the daughter, or in which she was entitled to share, had been lost by the bankrupt's negligence.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 330.*]

2. BANKRUPTCY (§ 320*)—CLAIMS—LIQUIDATION.

Where a bankrupt was entitled to the sole management and control of the residue of the estate of which she was executrix, including the share bequeathed to testator's daughter, until she became 30 years of age, which time had not arrived when the executrix became bankrupt, the daughter being entitled on attaining that age to an equal share of the residue of the estate, a claim filed against the bankrupt's estate for

the daughter's share so bequeathed, on the theory that the bankrupt had been guilty of negligence and mismanagement, was unliquidated, and could only be allowed after liquidation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 320.*]

In the matter of bankruptcy proceedings of Jennie M. Griffin. On petition to review a referee's order disallowing a claim presented by Florence M. Griffin. Affirmed.

Charles M. Thayer, for trustee.

Vaughan, Esty & Clark, for Florence M. Griffin, creditor.

DODGE, District Judge. The proof of claim which the referee has disallowed is subscribed and sworn to by George McAleer as guardian of Florence M. Griffin. It sets forth that the bankrupt is indebted to the deponent in the sum of $20,650, and that the consideration of said debt is "share of estate of John J. Griffin." Annexed to the proof is the following:

Jennie M. Griffin Dr. to Florence M. Griffin, by George McAleer, Guardian.

| | |
|---|---|
| Share in estate of J. J. Griffin, deceased, not including real estate, over which estate Jennie M. Griffin was appointed executrix March 1, 1906........................................................ | $17,500 |
| Int. at 6 per cent. from March 1, 1906.............................. | 3,150 |
| | $20,650 |

There is no dispute that the bankrupt is the executrix of the will of John J. Griffin, appointed by the probate court for Worcester county, March 1, 1904, nor as to the following facts. She is the widow of the testator, and Florence M. Griffin is his daughter. By the fourth clause of the will the residue of the testator's estate was left to the bankrupt and Florence M. Griffin in equal shares. The testator directed, however, in the same article, that his wife should have the sole control and management of the residue until his daughter should reach the age of 21, and be entitled meantime to the entire income for her sole use after making suitable provision for the daughter's support; that his wife should continue to hold, manage, and control the daughter's share until the daughter should reach the age of 30, paying to the daughter the income of her share from the time she should become 21 until the time she should become 30, with authority to pay over all or part of the daughter's share to her during the last-mentioned period; and that after reaching the age of 30 the daughter should hold her share free from control and for her sole and separate use. The testator's widow and executrix was authorized by the fifth article to carry on his business as long as she should deem it advisable. It was carried on after the probate of the will for a time by a special administrator, but after the bankrupt's appointment as executrix, which was on March 1, 1904, it was carried on by her. In April, 1907, she made a general assignment for the benefit of creditors, which resulted in her being adjudged bankrupt in these proceedings on June 29, 1908. There was an appeal from the adjudication, but it was affirmed by the court of appeals. See Griffin v. Dutton, 165 Fed. 626,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

91 C. C. A. 614. Florence M. Griffin is still a minor, and George Mc-Aleer is her guardian, duly appointed. The referee's present report, in connection with his former report on adjudication, filed June 5, 1908, to which his present report makes reference, shows that he had before him no evidence sufficient to support a finding that one-half the residue of John J. Griffin's estate was recoverable when the petition in this case was filed by or on behalf of Florence M. Griffin, as her legacy, from the executrix of the will, nor any evidence from which the amount of her share, if then due, could have been ascertained. The referee's finding, that so far as the claim is in contract it has no foundation, does not seem to be disputed except in the sense hereinafter stated.

[1] It is contended on Florence M. Griffin's behalf, as set forth in her petition for review, that her claim "is a mixed claim of either contract or tort arising out of fiduciary relation between your petitioner and the bankrupt, which was set forth in the will"; "that the bankrupt * * * was guilty of culpable negligence in the management" of the funds of the estate, and "allowed them to depreciate to such an extent that the estate is now bankrupt"; also, that "the trustee has taken and sold the assets of the bankrupt owned in her individual capacity, together with the assets of the estate and the property held in trust by said bankrupt, regardless of the legal title to the same."

Admitting it to be true in some cases, as urged in the petitioner's brief, that "claims ex delicto are provable if the tort can be waived and recovery had quasi ex contractu," I find nothing in the proof of claim as presented to show whether this principle can be applied in the present case or not. In the proof of claim nothing whatever is said about any negligence on the bankrupt's part in managing funds in her care by virtue of the will. It is left to be discovered through other sources, if at all, that the claim is founded upon such negligence. While strict rules of pleading do not apply, it is nevertheless necessary that the claim and its consideration should be so set forth as to enable the trustee and the creditors to make proper investigation as to its fairness and legality without undue trouble or inconvenience. In re Scott (D. C.) 93 Fed. 418; In re Stevens (D. C.) 107 Fed. 243; In re Coventry, etc., Co. (D. C.) 166 Fed. 517, 523. If the claim is really such a claim as would appear from the petition for review, I do not think the proof can be said to comply with these requirements. The referee had before him no statement under oath that funds in which Florence M. Griffin has a right to share have been lost by the bankrupt's negligence or mismanagement. There is nothing in the facts found by him which, so far as I can discover, would warrant a finding that such funds have been so lost. It seems clear, therefore, that no ground is shown for overruling the referee's disallowance of the claim as presented.

[2] It appears from the referee's report that suits have been brought on Florence M. Griffin's behalf in the superior court for Worcester county to recover damages from the bankrupt, that one of these suits is against the bankrupt individually and the other against

her as executrix of the will, and that the declarations contain, in each suit, a count for money received by the defendant for the plaintiff's use, with a count for loss of property held under the will by her negligence and gross mismanagement. These facts, of course, have no tendency to prove that the petitioner for review has a claim allowable in these proceedings. But conceding that the proof of claim as presented might be supported, if no objection were taken to its form, by proof of negligence and mismanagement such as has been alleged in the pending suits referred to, I agree with the referee in thinking that it must be regarded at present as an unliquidated claim, only to be proved and allowed against the estate after being liquidated in such manner as the court may upon application direct, and that prosecution to judgment of the suits referred to would in this instance be the proper method of liquidation.

If it be true, as alleged in the petition for review, that the trustee in bankruptcy has possession both of the bankrupt's individual assets and of the assets belonging to her husband's estate, or the proceeds of assets of either class, I do not see that any question involving those facts has been raised before or decided by the referee.

The referee's order is approved and affirmed.