In re COURTENAY MERCANTILE CO.

(District Court, D. North Dakota. March 27, 1911.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 39*)—RESTRICTIVE PROVISIONS—EFFECT.

An assignment for the benefit of creditors, restricting its benefits to such creditors as would assent to the same and consent to receive dividends thereunder in satisfaction of their claims, was valid as between the parties, and could only be assailed by nonconsenting creditors, whose rights were thereby prejudiced.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 155; Dec. Dig. § 39.*]

2. BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—"GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS"—RESTRICTIVE ASSIGNMENT.

An assignment of all of a debtor's property to an assignee to convert into money and apply to the discharge of debts owing to such creditors as assented thereto and agreed to accept the dividends thereunder in full of their claims, was a "general assignment for the benefit of creditors,"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within Bankr. Act July 1, 1898, c. 541, § 3, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), providing that a general assignment shall constitute an act of bankruptcy; it being unnecessary that the assignment should be valid as to dissenting creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 60.*
For other definitions, see Words and Phrases, vol. 4, pp. 3052–3054.]

In the matter of bankruptcy proceedings against the Courtenay Mercantile Company. On objections to adjudication on an involuntary petition. Overruled.

A. E. Boyesen and H. H. Flor, for petitioning creditors.
Geo. H. Stillman, for bankrupt.

AMIDON, District Judge. This is an involuntary proceeding in bankruptcy against the Courtenay Mercantile Company, a corporation organized under the laws of North Dakota. The act of bankruptcy charged is the making of a general assignment for the benefit of creditors. The answer denies this charge. From a stipulation of facts it appears that the Mercantile Company, on the 10th day of November, 1910, executed and delivered to Percival S. Preston a deed assigning to him all of its property of every kind and nature, and authorizing him to collect its debts and convert its property into money. The grant of power to apply this money is as follows:

"To pay and discharge in full all the debts and liabilities due or owing by the parties of the first part, including interest thereon, to those of its creditors who shall become parties hereto, by signing this agreement or a copy thereof, and who shall, in consideration of the promises, undertake and agree upon payment made, whether in whole or in part, as herein provided, to fully release, discharge, and absolve the party of the first part from and of all indebtedness to them, or either of them, now due or owing; and if said proceeds shall not be sufficient to pay said debts and liabilities and interest in full, then to apply the same so far as they will extend, pro rata, to the payment of said debts and liabilities and interest; and if, after payment as aforesaid, there shall be any surplus, to pay such surplus to the party of the first part, its successors and assigns."

The trust was accepted by the assignee, who took possession of all the property of the corporation, and was proceeding to execute his trust, when this petition in bankruptcy was filed. Numerous creditors, holding claims amounting to $3,000, accepted the assignment; others, holding claims amounting to $7,000, declined to do so.

If the deed constitutes a general assignment for the benefit of creditors, within the meaning of section 3 of the bankruptcy act, it is conceded that an adjudication of bankruptcy should be entered; if it is not such an instrument, the proceeding must be dismissed. Counsel for the Mercantile Company contends that the restriction above quoted, limiting the creditors who shall receive the benefits of the deed to those who shall become parties to it and release their claims in full, destroys the character of the instrument as a general assignment, and converts it into a mere security for those creditors who shall decide to accept its benefits. [1] I cannot adopt that interpretation. As to the effect of such a restrictive clause upon a deed of assignment for the benefit of creditors, there is great conflict in the authorities. In some

jurisdictions, it is held to render the instrument void; in others, it is considered valid. These authorities are collected in the last edition of the American and English Encyclopædia of Law and Practice, at page 1028. In the present proceeding I do not deem it necessary to decide which class of decisions represents the sounder view of the law. In all jurisdictions it is held that the deed is valid as between the parties, and can only be assailed by creditors who do not consent to its provisions, and whose rights are thereby prejudiced. As against the assignor, it is uniformly treated as a general assignment. The only exception that I have found is the case of Joas v. Jordan, 21 S. D. 379, 113 N. W. 73. If that decision can be sustained at all, it must receive its support from the local statute.

On the face of the instrument here involved, it was a disposition of all the property of the assignor for the benefit of his creditors. All the creditors had a right to accept its benefits. The assignor could in no way control this discretion. Their right to do this would continue until the estate had been distributed. The character of the instrument should be judged as of the time of its execution and delivery. Otherwise the whole estate could be converted into cash, and administered under the deed, without its being possible to ascertain whether it was an assignment for the benefit of creditors, or a security for a part of the creditors. Such a construction of the instrument would make it possible for any creditor to escape the provisions of the federal bankruptcy act by the mere phrasing of a general assignment of his property. [2] When a debtor assigns all his property in trust for the benefit of his creditors, provided they elect to accept the terms of the deed, he makes a general assignment for the benefit of creditors, within the meaning of section 3 of the bankruptcy act. It is not necessary that the assignment be valid as to the dissenting creditors. Griffin v. Dutton, 165 Fed. 626, 91 C. C. A. 614; Canner v. Webster-Tapper Co., 168 Fed. 519, 93 C. C. A. 541. If it is binding upon the assignor, and has the characteristics mentioned, it subjects the person or corporation making it to an involuntary proceeding under the federal bankruptcy act.

Let an adjudication be entered in accordance with the prayer of the petition.