In re HUDSON PORCELAIN CO.

In re PARHAM.

(District Court, D. New Jersey. July 24, 1915.)

1. BANKRUPTCY ⊂⇒340—PROOF OF CLAIM—ALLOWANCE—"DULY PROVED."

A proof of claim, which does not comply with Bankr. Act July 1, 1898, c. 541, § 57, subds. "a," "b," 30 Stat. 560 (Comp. St. 1913, § 9641), as to the statement of the claim and its consideration, is not prima facie evidence of the allegations therein made, and should not be allowed, in the absence of impeaching evidence, for section 57, subd. "d," declaring that claims which have been duly proved shall be allowed, impliedly requires the rejection of others.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. ⊂⇒340.]

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ☞330—PROOF OF CLAIM—SUFFICIENCY.

A proof of claim recited that the consideration was for legal services in specified months, and that the claimant appeared for the corporate bankrupt during those months, and as its counsel prepared the schedules filed. Bankr. Act, § 57, subds. "a," "b," require proofs of claim to set forth the consideration therefor, and, if founded upon instruments in writing, to set forth such instruments. *Held* that, as the statement of claim and its consideration must be sufficiently specific to énable the trustee and creditors to make proper investigation as to its fairness and legality without inconvenience, the proof of claim was not sufficient, as it failed to disclose the nature of the services rendered, the time consumed, or give any standard as to their value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 517, 519, 521; Dec. Dig. ☞330.]

In Bankruptcy. In the matter of the Hudson Porcelain Company, bankrupt. Petition by Frank E. Parham to review an order of the referee disallowing his claim. Order approved.

Frank W. Hastings, Jr., of Jersey City, N. J., for claimant.
Edwin C. Long, of Trenton, N. J., for trustee.

HAIGHT, District Judge. Frank E. Parham filed a proof of claim against the bankrupt's estate, based on legal services alleged to have been rendered to the bankrupt company. Thereupon the trustee filed objections to the allowance of the claim. At the time fixed for hearing the objections, the claimant and his counsel appeared, but no testimony was taken. The claim was, however, disallowed, on motion of the trustee, upon the ground that the proof of claim did not contain a sufficient statement of the claim and the consideration therefor. It is this action of the referee which claimant seeks to have reversed. Opportunity was afforded the claimant to furnish the items or particulars upon which the claim was based, and to correct the deficiencies; but he refused to do so, contending that the proof of claim as filed made out a prima facie case, and entitled the claim to allowance, in the absence of evidence disproving it.

Counsel for the claimant seems to have assumed and to contend here (but without argument to support his contention), that under the rule laid down in Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584, a proof of claim is prima facie evidence of its allegations, and entitles the claim to allowance, in the absence of evidence impeaching it, irrespective of whether the proof of claim complies with the requirements of the statute as to the statement of the claim and its consideration (sections 57a and 57b of the Bankruptcy Act). The questions presented for decision are, therefore: First, that raised by this contention; and, second, whether the allegations of the proof of claim in question are sufficient in the before-mentioned respects.

[1] I think that the mere statement of the first question refutes the soundness of the claimant's contention. I fail to perceive how any probative force can be given to a proof of claim which does not comply with the requirements of the law from which it receives whatever effect it has. It proves nothing more than incompetent evidence does. In addition, the statute (section 57d) provides that "claims

which have been *duly proved* shall be allowed," unless objections are interposed, etc. Claims which do not comply with the requirements of the statute are not "duly proved." They are not, therefore, entitled to allowance, and, if they are not entitled to allowance, it is difficult to understand upon what theory the proofs can be considered as proving anything. My attention has not been called to, nor have I been able to find, any reported case in which a contrary view is expressed. On the other hand, it has been considered in several cases that the proof of claim must comply with the statutory requirements before it is accorded any probative force. Castle Braid Co. (D. C. S. D. N. Y.) 145 Fed. 224, 228; In re Coventry Evans Furniture Co. (D. C. N. D. N. Y.) 166 Fed. 516; Orr v. Park, 183 Fed. 683, 686, 106 C. C. A. 33 (5th Cir.); In re Goble Boat Co. (D. C. N. D. N. Y.) 190 Fed. 92: In re Creasinger, 17 Am. Bankr. Rep. 538 (referee, S. D. Cal., affirmed by District Judge); In re United Wireless Telegraph Co. (D. C. Me.) 201 Fed. 445. See, also, opinion of Judge McPherson in Re Greenfield (D. C.) 193 Fed. 100, where he suggests, but does not decide, the question whether a proof of claim, based partly on checks and notes, to which neither the original instruments nor copies were attached, nor their absence accounted for, as required by the statute, "is entitled to the presumption of validity referred to in Whitney v. Dresser." I must conclude, therefore, both upon reason and authority, that, if the proof of claim in question did not comply with the necessary statutory requirements, it had no probative force whatever.

[2] It becomes necessary to consider, then, whether the proof of claim did so comply. It has been uniformly held under the present Bankruptcy Law that the statement of the claim and its consideration must be sufficiently specific and full to enable the trustee and the creditors to make proper investigation as to its fairness and legality, without undue trouble or inconvenience. In re Scott (D. C. N. D. Tex.) 93 Fed. 418; In re Stevens (D. C. Vt.) 104 Fed. 325; Orr v. Park, supra; In re Blue Ridge Packing Co. (D. C. N. D. Pa.) 125 Fed. 619; In re Coventry Evans Furniture Co., supra; In re United Wireless Telegraph Co., supra; In re Creasinger, supra; In re Griffin (D. C. Mass.) 188 Fed. 389. See, also, In re Elder, Fed. Cas. No. 4,326. The sufficiency of the claim in question must be tested in accordance with this rule. It sets forth that the bankrupt is indebted to the claimant in a certain sum, the consideration of which is stated as follows:

"For legal services rendered during the last week of August, 1913, and for services rendered said corporation since that time, to wit, during the months of September, October, November, and December, 1913, and during the months of January and February, 1914. I was duly retained by the corporation, on or about August 23d and appeared for the corporation a number of times at Trenton, N. J., during the months above mentioned, and as its counsel I prepared the schedules filed in this court during the later part of February or early in March."

This is but a general statement that the consideration of the debt is for legal services rendered during a certain period of time, without specifying the nature of the matters in which they were rendered,

whether in litigation or what, except in the one particular of the preparation of the schedules to be filed in this bankruptcy proceeding. It does not specify the dates or the number of times the claimant appeared for the corporation at Trenton, or the purpose thereof. It is silent as to the amount of time given by the claimant to the affairs of the corporation. It fails to state whether the amount claimed was agreed upon between the claimant and the corporation, or whether the amount which he claims is what he considers the services reasonably worth. In short, it affords the trustee and the creditors no means of making a proper investigation to ascertain whether the amount claimed is fair and reasonable or what services were actually rendered. During the period mentioned in the claim the claimant might well have performed services which would not be reasonably worth anything like the amount claimed, and he might, on the other hand, have performed services which would be well worth it. I am therefore entirely clear that the statement of the claim and the consideration does not measure up to the standard of the rule before stated.

Reference to the cases before cited will demonstrate, I think, the correctness of this conclusion. A statement in a claim "that the consideration for said debt is for legal services performed for said Scott (the bankrupt) during the year 1898" was held insufficient in the case of In re Scott, supra. The statement of that claim in no essential respect differed from that of the claim in question. A claim based on legal services, in which the statement of the consideration was more definite than in the claim in question, was held insufficient in the matter of Creasinger, supra. It was held in Re Morris (D. C. N. D. Pa.) 154 Fed. 211, that proofs of debt which simply stated the consideration to be "for services, mdse., &c."; "val. of wages"; "val. of professional services"; "for goods sold and delivered"—were insufficient; and in Blue Ridge Packing Co., supra, that a statement "for printing done for said bankrupt at its request, heretofore, to wit, in September, 1903, as per bill rendered," as well as a statement for "goods, wares, and merchandise sold and delivered by claimant to bankrupt at his request, consisting of green truck and vegetables, amounting to said sum of $140, with interest," etc., were insufficient; Judge Archbald holding that the claim must set forth the particulars and items.

It follows, therefore, that the referee's order disallowing the claim must be approved and affirmed.