## In re EISENBERG.

(District Court, S. D. New York. February, 1918.)

1. BANKRUPTCY ⬅123—ELECTION OF TRUSTEE—CREDITORS ENTITLED TO VOTE.
   To entitle a creditor to vote at the election of a trustee, his statement of claim should show the date of the indebtedness, to exclude the possibility of the defense of limitation.

2. BANKRUPTCY ⬅125—CREDITORS' MEETING—ELECTION OF TRUSTEE.
   A motion to adjourn a meeting of creditors, made after the election of a trustee, to permit claimants to amend their statements of claim, is addressed to the discretion of the referee.

3. BANKRUPTCY ⬅123—ELECTION OF TRUSTEE—VOTE BY ATTORNEY.
   Under a power of attorney to a law firm or "their representative," their managing attorney, who appeared as such, was properly permitted to vote for trustee.

4. BANKRUPTCY ⬅331—CLAIM—PROOF—CORPORATION PRESIDENT.
   Proof of claim, signed by a corporation president, who performs the duties of treasurer, is sufficient, under General Order in Bankruptcy 21 (230 Fed. v. 143 C. C. A. v). providing that claims by corporations shall be proved by deposition of the treasurer, or, if the corporation has no treasurer, by the officer whose duties most nearly correspond to those of treasurer.

In Bankruptcy. In the matter of Samuel Eisenberg, bankrupt. On application to review election of trustee. Motion denied.

Robert P. Levis, of New York City (Max E. Sanders, of New York City, of counsel), for trustee.

Saul S. Myers, of New York City (Elkan Turk, of New York City, of counsel), for objecting creditors.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, District Judge.  [1] This is an application to review the election of Marcus Helfand, who was elected trustee by the creditors of the above-named bankrupt.  Helfand's opponent was one Freidenrich, credit man of the Union Exchange National Bank, a creditor.  It is claimed that 27 creditors, whose claims aggregated $10,849.24, were not allowed to vote.  The reason assigned for this was due to objections advanced by creditors, claiming that the bills of the various creditors did not show when the obligation of the bankrupt was incurred.  In each case the date was given, but this represented the date the statement was prepared and while, in some instances, the date is given in the body of the bill or statement, the year is not given, and it cannot be presumed, as claimed by the objecting creditor, that the month indicated a purchase during that month in the year 1917.  The objection may be considered technical, still I think it has legal force.  Depositions to prove claims against a bankrupt estate should be correctly prepared, and indicate a date of obligation which, of necessity, excludes the possibility of the defense of the statute of limitations.

[2] It was only after the election that the referee was asked to postpone the meeting and permit applications to amend the claims as filed.  In the exercise of his discretion, the referee denied the application, and I think I should not interfere with it now.  As Judge Haight said, in Re Hudson Porcelain Co. (D. C. N. J.) 35 Am. Bankr. Rep. 18, 225 Fed. 325:

"It has been uniformly held under the present Bankruptcy Law that the statement of the claim and its consideration must be sufficiently specific and full to enable the trustee and the creditors to make proper investigation as to its fairness and legality, without undue trouble or inconvenience."

Judge Archbald, in Re Blue Ridge Packing Co. (D. C. Pa.) 11 Am. Bankr. Rep. 36, 125 Fed. 619, considering a case where the question of date was at issue, there said:

"The real objection to this claim is that there is no date.  This is certainly necessary to help individuate the debt, as well as to show that it is not outlawed, and, while it was not objected to on that ground, the defect is too patent to be passed by."

The objection raised now came only after the pronouncement of the referee of the election of Helfand.  Then the following occurred:

"Mr. Schnabel: Can I ask for the record that the first meeting be adjourned and the election of a trustee kept open, owing to the fact that so many claims have been objected to, in order to give either side an opportunity to correct claims, if they can do so?

"Referee: No; I think that motion must be denied."

This application came too late, for it came after the objecting creditor had taken his chances, and at a time after a ruling that the various claims rejected could have voted.  Indeed, the record discloses that both the present litigants to this plea urged the same objection before the referee with like ruling.

[3] The objection to the vote of Sidney Blumenthal & Co. was urged by Mr. Kaufman, who did so on behalf of the present trustee.  The referee ruled that the vote could be taken, and it resulted in a vote

for Mr. Helfand, and in this he was correct, for the power of attorney ran to the law firm of Blumenthal & Levy, or "their representative," or both of them. Mr. Kahn was their managing attorney, and is well described as their representative, for he appeared as such at the hearing.

In the claim of the Ideal Woolen Company, it is apparent that the power of attorney was revoked by the subsequent power of attorney, and it was upon this subsequently executed power of attorney that the vote was cast.

The objection to the American Woolen Company's proof of debt is not well taken. While it is true it was sworn to outside the Southern district of New York, there was no need for a county clerk's certificate.

As to the Lymansville Company's claim, the record contains the following:

"Mr. Boyd states that he is satisfied not to vote the claim on the ground of the counterclaim, and it is withdrawn."

[4] As to the objection of the Sea Island Thread Company, because the proof of claim was signed by the president, instead of the treasurer, as required by General Order 21 (230 Fed. v, 143 C. C. A. v) the minutes contain the statement that the president performs the duties of treasurer of the said corporation. A president who performs such duties can sign in place of the treasurer, with sufficient legal effect to meet the requirements of the General Order.

The claim of Eisenberg & Friedman appears to have been voted without objections.

I see no reason for disapproving the conclusions of the referee, and the motion will therefore be denied.