## In re WEST HILLS MEMORIAL PARK.
### No. B–25045.

District Court, D. Oregon.
Sept. 29, 1941.

Reuben G. Lenske and Herbert M. Cole, both of Portland, Or., for Herbert M. Cole and others.

Moe M. Tonkon, of Portland, Or., for Clarence X. Bollenback trustee.

**JAMES ALGER FEE, District Judge.**

This proceeding is brought for the review of the rulings of Honorable Estes Snedecor, Referee in Bankruptcy, at the meeting of creditors for the election of trustee. Group One of creditors voted the greater number of claims over $50, while Group Two voted the larger amount including claims of $50 or less. The Referee summarily examined on objection a claim of J. P. Kavanaugh by R. N. Kavanaugh, administrator, for services of attorney rendered to the bankrupt. This claim is not itemized. The attorney for Group One admitted that he knew valuable services to the bankrupt had been rendered. The holder of the claim was present and showed that statements had been rendered to the bankrupt for the same amount for a period of years and that the amount stated had not been questioned. Upon this basis, the Referee permitted filing and voting of the claim. The Referee also permitted over objection the voting by Group Two of certain claims where it appeared on the face thereof that the proofs and powers of attorney were executed after the rendition of the jury's verdict of insolvency and before the formal entry of adjudication.

There were certain claims presented and voted by Group One in which the attorney in fact had acted as notary and taken the acknowledgment of the creditor on the instrument by which he was appointed, but specific objection was not made thereto.

Finally, based upon the situation above outlined, the Referee reserved his ruling until all claims had been considered and all creditors with votable claims had been given an opportunity to vote.

Finally, the Referee declared a failure to elect a trustee and independently made an appointment.

The allowance of the Kavanaugh claim will be considered first. It has been announced that a claim must be itemized in accordance with the statute,[1] and this rule has been applied to attorney fees.[2] Such rulings usually have been in affirmance of the Referee when he has disallowed a claim,[3] and the claimant has refused to support it by evidence. However, the Referee has discretion as to how much argument or testimony he will hear in support or opposition to a claim before election. Usually, he should hear the matter in a summary manner and determine whether the claim was probably well founded.[4] Here the certificate shows that the attack was made on the amount of the claim and not on its validity. Besides, the circumstances indicated that this constituted an account stated under the Oregon law.[5] Where the claimant is present at the meeting to elect a trustee and prepared to support the claim, it is not error for the Referee to allow it for voting purposes[6], even if the original proof be somewhat informal. Furthermore, the record on the trial of the insolvency petition will show that the petitioners introduced testimony as to the validity and amount of this claim in order to show insolvency. This fact does not create an estoppel, because the trustee is bound to scrutinize the claim until final liquidation if he discover facts which show improper allowance[7], but the Referee could consider such facts to determine whether the amount of the claim was proper for allowance.

There is no authority indicating that a claim filed after a finding of insolvency but before entry of the order of adjudication is invalid. The adjudication when made relates back to the filing of the petition and these claims were otherwise proper.

Finally, there was a contest, in which the one side had more claims over

---

1 Section 57 sub. a Bankruptcy Act, 11 U.S.C.A. § 93, sub. a, General Order 21, 11 U.S.C.A. following section 53.

2 In re Hudson Porcelain Co., D.C., 225 F. 325, 327.

3 Hutson v. Coffman, 9 Cir., 100 F.2d 640, 642; In re Hudson Porcelain Co., supra, 225 F. 325, 326.

4 See In re Hartman-Blanchard Co., Inc., D.C., 278 F. 747, 748.

5 Steinmetz v. Grennon, 106 Or. 625, 634, 212 P. 532.

6 In re Louis Elting, Inc., D.C., 4 F. Supp. 732, 736, Item 6.

7 In re J. A. M. A. Realty Corporation, 2 Cir., 92 F.2d 3, 8; Ott v. Thurston et al., 9 Cir., 76 F.2d 368, 369.

fifty dollars but the other had a greater amount of all claims. The rulings of the Referee just considered entered into this result. The Referee declared the creditors had failed to elect and appointed a trustee. This action was valid and entirely proper under the circumstances[8].

The court affirms the action in all particulars.

---

[8] In re Hartman-Blanchard Co., Inc., supra; In re Louis Elting, Inc., supra.