LANGDON & AINSWORTH v. HENRY S. BOWEN.

*Application of Payments.    Execution.    Close Jail Certificate.*

General payments made on current accounts, and not applied by the parties, will be applied by the law in the order of time in which they are made—the first item on the credit side being applied on the first item on the debit side. But this rule is not universal. If it appears that the intention of the parties was otherwise, the court will give effect to such intention. If there are separate demands, part of which are secured and part not secured, the application will be made on those not secured.

The plaintiffs consigned flour to the defendant, to be sold by him on commission; and also sold him flour on credit. The defendant was a merchant, and mingled the avails of the flour sold by him on commission, with his own property, and made payments to the plaintiffs from time to time on general account, and neither party made any application of such payments. After applying the payments according to the rule above stated, the defendant was found indebted only for the avails of the flour consigned. The court found that the defendant had failed to pay such indebtedness, on account of misfortunes in his business with which the plaintiffs were in no way connected, and adjudged that the cause of action arose from the wilful and malicious act of the defendant, and granted a certified execution. *Held*, that the certificate was properly granted.

GENERAL ASSUMPSIT.    Plea, the general issue, and trial by the court, March term, 1873, WHEELER, J., presiding.

In 1867, the plaintiffs, who resided in Castleton, commenced sending flour to the defendant, who resided at Ascutneyville, in Windsor, to sell for them on commission, and to receive the avails thereof for them ; and they also sent him flour which they sold him on credit.    The defendant received and sold the flour sent him on commission, and received the avails thereof; and also received the flour that was sold to him on credit, and from time to time sent money to the plaintiffs, until October 15th, 1869, when they settled their deal up to that time, and there was then $2,031.16 due the plaintiffs from the defendant, which, reckoning payments upon the oldest claims due at the time the payments were made, was mostly for flour sold.    After this settlement, the parties continued the business in the same manner as before ; and the plaintiffs sent the defendant flour that they sold him on credit, to the amount of $228.75, and flour to be sold on commission, to the amount of $5,640.70.    Of this last amount, they sent $2,764.-50 worth, after they sent any flour sold on credit.

The defendant was engaged in mercantile business, and received the avails of flour sold by him on commission, and put the same into the mass of his own property ; and, from time to time, made remittances to the plaintiffs, and paid freights for them on the flour consigned to him. No particular application of these payments was made by either party, on any part of the deal. Soon after the close of the deal, the plaintiffs demanded of the defendant the amount due them.

The amount due them at the time of the judgment, was $1,-608.69, and the court rendered judgment for the plaintiffs for that sum. This amount, applying payments to the oldest claims due at the time they were made, was wholly for the avails of flour consigned on commission. At the trial, the defendant claimed that the payments should be applied upon the claims for flour consigned. The plaintiffs claimed that they should be applied upon the oldest claims. At the time of the judgment, the plaintiffs moved for an adjudication, that the cause of action arose from the willful and malicious act of the defendant, and that he ought to be confined in close jail. Upon the hearing of this motion, it appeared that the defendant had failed to pay the plaintiffs, on account of misfortunes in his business with which the plaintiffs had no connection. The court, as matter of law, upon all the facts stated, held that the plaintiffs were entitled to such adjudication, and adjudged accordingly, and ordered a close jail certificate ; to which the defendant excepted.

*Dunton & Veazey*, for the defendant.

The decision of the county court having been made " as matter of law upon the facts stated," is revisable in this court. *Robinson* v. *Wilson*, 22 Vt. 35 ; *Soule* v. *Austins*, 35 Vt. 518 ; *Whiting* v. *Dow*, 42 Vt. 264. These cases all show that the question is revisable where the certificate is improperly allowed or refused.

If the payments should be applied on the flour consigned, then the certificate was improperly granted. In this case, neither party made an application of the payments ; hence, the law will make the application most beneficial to the debtor. *Robinson & Wiggin* v. *Doolittle*, 12 Vt. 249 ; *Emery* v. *Tichout*, 13 Vt. 15 ; *Pattison*

66

v. *Hall*, 9 Cow. 747, 765. In the absence of direction by the debtor, his intention, gathered from the facts and circumstances, controls. *Ayer* v. *Hawkins*, 19 Vt. 26 ; *Wheeler* v. *House*, 27 Vt. 737. The court below did not find what the intention of the debtor was, therefore the court can only infer it from the circumstances ; and these all indicate that he must have intended to keep the amount for the consigned flour paid up, on account of its being for his interest in the event of misfortune preventing his paying the whole. The ground of the statute is, that the party is guilty of fraud ; but the exceptions exclude the fact of fraud in the defendant. The rule that payments will be applied in extinguishment of the oldest claims, does not apply in this case, because the debt is of a twofold character, and was so kept by the plaintiffs.

But the plaintiffs were not entitled to the adjudication moved for, upon the facts stated in the exceptions. The exceptions do not state that the court found the facts required by the statute.

*Prout, Simons & Walker*, for the plaintiffs.

The application made by the court was correct. No application being made by the debtor, the law makes the application to the earliest claims, or to those having the most precarious security, unless a different application is made by the creditor before suit. The claims having the most precarious security, were, in this case, the claims for the flour sold. The rule for applying payments, where neither debtor nor creditor makes the application, is the same at law as in equity. *Thompson* v. *Phelan*, 22 N. H. 339 ; *Merrimack Bank* v. *Brown*, 12 N. H. 320 ; *Caldwell* v. *Wentworth*, 14 N. H. 431; *Fairchilds* v. *Holly*, 10 Conn. 175, and cases cited ; *Stamford Bank* v. *Benedict*, 15 Conn. 487 ; *Briggs* v. *Williams et als.* 2 Vt. 283 ; *Robinson et al.* v. *Doolittle et al.* 12 Vt. 246 ; *Rosseau et al.* v. *Cull et al.* 14 Vt. 83 ; *Gleason et al.* v. *Hobart et al.* 16 Vt. 472 ; *Putnam et al.* v. *Russell et al.* 17 Vt. 54 ; *Shedd et als.* v. *Wilson et als.* 27 Vt. 478.

The court having found that the amount due was for flour consigned and sold on commission, the plaintiffs were, upon application, entitled to a close jail certificate. The statute fixes the duty of the court in such case. The certificate necessarily follows from the

finding of the fact. The court has no discretion by the terms of the statute. Gen. Sts. ch. 121, § 24.

Exceptions do not lie to the decision granting the certificate. *Robinson* v. *Wilson*, 22 Vt. 35 ; *Soule* v. *Austins*, 35 Vt. 518 ; *Whiting* v. *Dow*, 42 Vt. 262.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The application of the payments made by the defendant, is material in this case, only as it bears upon the question as to the legality of the action of the court below in granting the certificate that the cause of action arose from the willful and malicious act or neglect of the defendant, and that he ought to be confined in close jail. It appears that a part of the plaintiffs' claim consists of moneys of the plaintiffs received by the defendant from time to time in a fiduciary capacity, and a part for goods sold and delivered. Upon this claim, payments were made by the defendant at different times, that were credited by the plaintiffs when made, neither party making any particular application of such payments. The county court, in adjusting this claim, applied the moneys in payment of the items of charge as they first accrued ; the result being, that the amount remaining due was for moneys received by the defendant in a fiduciary capacity, and granted the certificate as required by the statute.

The rule is well settled in this state, that when there are current accounts, as in this case, and no application made of payments, by either party, the law applies the payments in the order of time, the first item on the debtor side being discharged by the first item on the credit side. This rule is not universal. If it appears that the intention of the parties was otherwise, the courts will give effect to that intention. If the plaintiff's claim consists of separate debts, part of which are secured and part not, the application will be made upon those that are not secured. If in this case the right to a certified execution constitutes a security for the payment of the money, it furnishes an additional reason in support of the application of the payments in the manner made by the county court. There is nothing in the case tending to show that the defendant, at the time of making the payments, intended

or contemplated any different application. It is probable that the idea of a certified execution had not, at that time, entered the mind of either party. We think there was no error in the manner of making the application in this case.

But, it is said the defendant was prevented from paying over the money he received, by accident, so as to bring the case within the exception in the statute. The statute requires the court to grant the certificate in a case like the present, unless the court shall be satisfied that the failure of the defendant to account for the money received, was occasioned by accident, and without the fault of the defendant. The court found that the defendant failed to pay over the money, on account of misfortunes in his business. Such a misfortune clearly is not such an accident as the statute contemplates; besides, the very reason why the certificate is granted in this case, is the fault of the defendant in appropriating the money to his own use, and thereby subjecting it to the risks and misfortunes of his own business.

Judgment affirmed.