## In re STEVENS et al.

### (District Court, D. Vermont. January 31, 1901.)

1. BANKRUPTCY—STATEMENT OF CLAIMS—AMENDMENT.

   Amendments to a creditor's claim against a bankrupt are allowed for the correction of misdescriptions and minor inaccuracies in the statement of substantially the same claim, but not to state a new claim after the expiration of the time for filing claims; and the sufficiency of the amended proofs is to be determined on their face, irrespective of prior proofs, except as to whether they are for substantially the same claim.

2. SAME—VERIFICATION.

   The verification of a creditor's claim against a bankrupt is amendable.

3. SAME—CLAIMS FOUNDED ON INSTRUMENTS IN WRITING.

   Bankr. Act 1898, §§ 57a, 57b, require in a statement of the consideration for and payments on claims founded on instruments in writing more than general allegations in these respects, which might be sufficient in a declaration against the bankrupt thereon, and extend to the particulars thereof, for the trustee's information and those interested in the estate, but not beyond what relates to the claim as it accrued to the claimant.

4. SAME—PRIMA FACIE INVALIDITY.

   A large part of a creditor's claim was against bankrupts as accommodation indorsers of 11 notes, set out, for the amount of which, with 12 others, also set out, another note was given by the maker, with other security, and to which these 23 notes were placed in a bank as collateral, on which payments were to apply as that note should be paid, and which was largely paid, without specific application on any of the indorsed notes. The new note was stated to have been substituted May 5, 1895, for the 23 notes because they were overdue, when in fact they were not all overdue, and the claim as amended showed the change was not made till May 27th. The new note did not appear to have given time, but to have been made due not later than on demand; and the claim also

stated that a part of the arrangement was that the old notes were to be kept in force. *Held*, that the date of the change, and whether the indorsed notes were overdue, were not so material that a misstatement respecting them should ipso facto defeat the claim, which was not for the new note, which apparently did not pay the old ones or extend the time for their payment, and thus discharge the indorsers, and hence the claim should not be rejected on its face.

5. SAME—FACTS NOT CONCLUSIVELY IMPLIED—NECESSITY OF PROOF.

A material fact which cannot be conclusively implied from the statements of the proof of a claim against a bankrupt must be found on a trial thereof.

6. BILLS AND NOTES—GENERAL PAYMENTS—APPLICATION—PRESUMPTION.

It is legally presumed that payments made generally on notes are intended to be applied in the order of their maturity.

In Bankruptcy.

Bates, May & Simonds, for claimant.

Young & Young and W. W. Miles, for trustee.

WHEELER, District Judge. The objections of the trustee to the sufficiency in law of the last amended proofs of the claim of the Lamoille County National Bank have now been heard.

Amendments are allowed for the correction of misdescriptions and minor inaccuracies in the statement of substantially the same claim, but not to new claims after the time for filing claims has expired; and the sufficiency of the amended proofs is to be determined upon their face, without reference to prior ones, except as to whether they are for substantially the same claim.

The objection to the oath is not considered, further than as to its being amendable; for, on the waiver by counsel of a new oath, if it is amendable it is held to be so, and nothing would be gained by deciding upon its sufficiency as it is.

The claim is founded upon notes, indorsements, and waivers of protest and notice in writing, all of which appear to be filed, except one such waiver stated to be lost, with the circumstances apparently sufficient to admit, on trial of the facts, of proof of the loss and the contents. And the consideration, so far as it moved from, with securities held by, and payments so far as received by, the claimant, are set forth. The requirement by Bankr. Act, §§ 57a, 57b, of a statement of the consideration and payments, is of more than general allegations in these respects, which might be sufficient in a declaration against the bankrupt upon these causes of action, and extends to the particulars of each, for the information of the trustee and those interested in the estate, but not beyond what relates to the claim as it accrued to the claimant. Other sources of inquiry are as well open to them as to him. This requirement seems now to be sufficiently complied with by this claimant.

A large part of the claim consists of 11 notes, set out, for the amount of which, with 12 others, also set out, another note was given, with other security, and to which these 23 notes were placed in a savings bank as collateral upon which payments were to apply as that note should be paid, and which was largely paid, without specific application upon any of these notes. This change is stated

to have taken place May 5, 1895, to substitute the new note for them because they were overdue, when in fact they show they were not all overdue, and the other shows the change was not made till May 27th. It is urged for the trustee that these inconsistencies and misstatements show the claim to be so illfounded that as to these notes it should be rejected on its face; that the transaction operated as a payment of the notes, or such a giving of time to the principals as would discharge the bankrupts as accommodation indorsers. The date of the transaction, and whether the notes were overdue, do not seem to be so material that a misstatement in respect to them should ipso facto defeat the claim. The claim is not at all for the new note, and the transaction in respect to it is only material as it operated to extinguish or pay the old ones; and this would not depend either upon the day or their maturity, if they so existed at the time as to be within its reach. The new note does not appear to have given time, whatever the effect of so doing might be; for it does not appear to have been made to be due later than on demand. It does not appear to have operated as an extinguishment, for the claim states that a part of the arrangement was that the old notes were to be kept in force. The extinguishment is sought to be wrought out through an agency of one of the parties to the arrangement for the principals on the notes, but such an agency is a fact which cannot be conclusively implied from the statements of the proof of claim, and must be found, if material, upon a trial of the facts. The law would imply that payments made generally upon the notes were to be applied in the order of their maturity. Langdon v. Bowen, 46 Vt. 512. If the payments by way of the new note on these 23 old ones would, by this mode of application, as between the 11 in question and the other 12, satisfy the 11, the claim should not for that be dismissed, but retained for computation, and perhaps for other pertinent considerations that may be made to appear in evidence in respect thereto.

According to these views, these formal objections to the sufficiency of the proof of claim, in law, which are in the nature of a demurrer, must be overruled, and the claim be left standing for trial upon the issues of fact raised. Formal objections and motion to dismiss overruled.