**In the Matter of NEISNER BROTHERS, INC., Debtor.**

**Bankruptcy No. 77 B 2836–R.**

United States Bankruptcy Court, S. D. New York.

Dec. 17, 1979.

See also, Bkrtcy., 2 B.R. 474.

Conrad & Smith, New York City, for Berkliff Corp.

Krause, Hirsch & Gross, New York City, for debtor.

### DECISION ON APPLICATION FOR LEAVE TO FILE A CLAIM NUNC PRO TUNC

EDWARD J. RYAN, Bankruptcy Judge.

Berkliff Corporation ("Berkliff") moves for an order allowing the filing of its proof of claim *nunc pro tunc,* and to be adjudged a creditor entitled to distribution under the confirmed plan of arrangement.

On November 17, 1977, Berkliff shipped $36,397.94 worth of merchandise to Neisner Brothers, Inc. ("Neisner"). Two weeks later, on December 1, 1977, Neisner filed a petition in proceedings for an arrangement and, pursuant to an order by this court, was authorized to continue its business as debtor in possession. Thereafter, all notices due creditors under the Bankruptcy Act and Rules of Bankruptcy Procedure were duly served upon Berkliff.

Berkliff alleges in its moving papers that their proof of claim was mailed on or about May 20, 1978, well within the statutory period prescribed by Rule 11–33(b)(2) for filing a proof of claim. However, there is no record of Berkliff's proof of claim having been received or filed with this court.

The plan was confirmed on November 11, 1978.

Early in May 1979, Berkliff made inquiries as to why it had not received its distributive share. It alleges that it was not until some time later that Berkliff first discovered that no proof of claim was on file with the court.

On May 22, 1979, Berkliff filed a duplicate claim, and now moves for an order amending the confirmation schedules filed by Neisner and allowing their claim *nunc pro tunc.*

The facts are as follows: On January 28, 1978, the debtor in possession sent a letter to Berkliff to confirm the amount due:

> Neisner Brothers, Inc., D.I.P.
> 49 East Avenue
> Rochester, N.Y.
> January 28, 1978

Berkliff Undergarment
149 Madison Avenue
New York, N.Y.

Gentlemen:

> In connection with examination of our accounts as at January 28, 1978, which is being made by S. D. Leidesdorf and Co., Certified Public Accountants . . . we shall appreciate it if you will furnish directly to them the information requested below.

> Please indicate the amounts due you as at December 1, 1977, the date of our filing a petition for arrangement under the Federal Bankruptcy Laws, and the amounts due you which arose subsequent to that filing date and are still due you as at January 28, 1978 in the spaces provided below.

> Please send your reply directly to our accountants . . . .

> > Very truly yours
> > Neisner Bros., Inc., D.I.P.
> > By: A. W. Talarek, V.P.
> > Finance-Treasurer

Berkliff complied by recording in detail the nature and amount of the claim on the enclosed form supplied by the debtor in possession, and mailed it, along with a photocopy of the proof of claim, to the accountant.

In order for a claim to be allowed, and participation under the confirmed plan of arrangement to be permitted, a creditor must file a proof of claim in accordance with the applicable rules. Bankruptcy Rule 302(a), Rule 11–33(b)(1).

The court finds that Berkliff satisfied the requirements of these rules. The furnishing of information to Neisner's accountants as requested by Neisner constituted an informal presentation of a claim within the meaning of Bankruptcy Rule 302(a) and Rule 11–33(b)(1). The accounting firm was the agent of the debtor in possession for the purpose of receiving demands against the estate. Bankruptcy Rule 509(c) provides, as follows:

> (c) *Error in Filing.* A paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, or to the district judge, referee, or clerk of the district court, shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

It is well settled that timely claims which are defective in form may be amended even after the statutory period for filing such claims has expired. 3 *Collier on Bankruptcy,* ¶ 57.11(3), p. 186 (14th ed. 1977). This power exists "only if the defectively filed proof of claim was 'sufficient' to constitute a basis for amendment," with the principal limitation being "that a new cause of action could not be alleged in the amended proof of claim." *In Re Gibraltor Amusements, Ltd.,* 315 F.2d 210, 213 (2d Cir. 1963). *Cf. Hoos & Co. v. Dynamics Corporation of America,* 570 F.2d 433 (2d Cir. 1977). For a defectively filed proof of claim to be "sufficient" for amendment purposes, Rule 301 requires that the claim set forth an explicit demand against the estate of the bankrupt.

It is clear from the record that the response to the accountants was such a demand. Neisner, as debtor in possession, sought to confirm the exact amount Berkliff claimed against the estate. Berkliff, by

setting forth in detail the nature and amount of its claim in the body of the response, gave notice of the details of its claim against the estate.

For purposes of Rule 509(c), Neisner's status as debtor in possession conferred upon it all the powers of a trustee. Bankruptcy Act § 342. "The general purpose of section 342 and Rule 11–18(b) is that where a debtor continues in possession of his property, he shall be in fact a trustee." 8 *Collier on Bankruptcy,* ¶ 6.32, p. 931 (14th ed. 1977); *see, also, In Re Walker,* 93 F.2d 281, 283 (2d Cir. 1937). The receipt by the accountants constituted a receipt by the debtor in possession. Neisner's letter of January 28, 1978 directed Berkliff to return the form directly to S. D. Leidesdorf & Co. There can be no question that the status of the relationship between S. D. Leidesdorf & Co. and Neisner was that of agent and principal.

In the interest of justice, it is ordered that the informal proof of claim, timely delivered to Neisner's accountants, is deemed filed as of the date of its original delivery. Accordingly, the application is granted. Settle an appropriate order.