**In re ALSTED AUTOMOTIVE WAREHOUSE, INC., Debtor.**

**Bankruptcy No. 880–02496–20.**

United States Bankruptcy Court, E. D. New York, at Westbury.

Jan. 29, 1982.

Hahn & Hessen, New York City, for debtor/plaintiff; Kevin Kelly, New York City, of counsel.

Rood, Schwartz & Cohen by Jerold R. Ruderman, New York City, for defendant, Ford Motor Co. and Purolator, Inc.

## MEMORANDUM

ROBERT JOHN HALL, Bankruptcy Judge.

Ford Motor Company ("Ford") and Purolator, Inc., Filter Division ("Purolator") move this Court for leave to file proofs of claim nunc pro tunc on the ground of substantial compliance with the provisions of Bankruptcy Rule 301. Leave is denied.

### I.

Ford and Purolator are prepetition creditors of Alsted Automotive Warehouse, Inc. ("Alsted") against whom an order for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. Iv 1980), was entered on June 5, 1980. In due course, July 24, 1980 was scheduled as the date of the first meeting of the creditors pursuant to 11 U.S.C. § 341 and official notice thereof including the six month deadline for filing proofs of claim, *see* Fed.R.Bankr.P.

302(e), was mailed to both Ford and Purolator.

Simultaneously, on June 12, 1980, James Barr, as trustee for Alsted, commenced adversary proceeding against both Ford and Purolator seeking to invalidate their security interests and sell the inventory purportedly subject thereto free and clear of any liens.

In response, on June 30, 1980, Ford and Purolator applied to this Court for an order advancing the trial date to July 9, 1980. These applications, which form the basis of the instant motions, are reproduced below.[1]

Finally, in November of 1981, some ten months after the time in which to file proofs of claim had expired, Ford and Purolator discovered their omissions resulting in the instant motions.

## II.

■ In order for an unsecured or partially secured creditor, see 11 U.S.C. § 506, to share in a Chapter 7 distribution, the claimant must have timely filed a proof of claim. Fed.R.Bankr.P. 302(a), (e). Moreover, the six month requirement is in the nature of a statute of limitations. 3 *Collier on Bankruptcy* ¶ 501.02 (15th ed. 1981).

The position of Ford and Purolator is that these applications to advance the adversary trial date which were filed with the Court and served on the trustee constituted timely *informal* proofs of claim entitling them to be amended by *formal* proofs of claim today.

"It has long been the law that the bankruptcy court possesses the power to allow the amendment of a defectively filed proof of claim, even after the expiration of the time designated by the statute for the filing of claims." *In re Gibraltor Amusements LTD.*, 315 F.2d 210, 213 (2d Cir. 1963) *citing Hutchinson v. Otis, Wilcox, & Company*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903).

■ Whether or not to allow such an amendment, however, involves a two part inquiry: 1) does the purported informal proof of claim state an explicit demand against the estate evidencing an intention to hold the estate liable, *Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433, 437 & n.13 (2d Cir. 1978); *In re Gibraltor Amusements LTD.*, 315 F.2d 210, 215 (2d Cir. 1963); *In re Paul R. Dean Co.*, 460 F.Supp. 447, 452 (W.D.N.Y.1978); *In re Neisner Brothers, Inc.*, 2 B.R. 472, 473 (Bkrtcy.S.D.N.Y.1979); and 2) based on the particular facts of the case, would it be equitable to allow the amendment. *In re*

1. APPLICATION FOR AN ORDER SCHEDULING ADVERSARY PROCEEDING FOR TRIAL BEFORE JULY 9, 1980.

TO THE HONORABLE ROBERT JOHN HALL, BANKRUPTCY JUDGE:
Defendant, FORD MOTOR COMPANY, respectfully alleges:
1. Defendant is the holder of a properly perfected security interest in inventory held by debtor, Alsted Automotive Warehouse, Inc.
2. The interim trustee, James Barr, has applied for an order allowing the sale of this inventory on July 9, 1980 with the security interest of Ford Motor Company to attach to the proceeds subject to a claim against the security position by the trustee.
3. Defendant, Ford Motor Company, will be irreparably damaged by the sale of the inventory since the auctioneer will only receive fifteen or twenty percent of the monies owed Ford Motor Company in the amount of $64,974.17, no part of which has been paid although duly demanded.

4. The purpose of the application is to schedule the adversary proceeding on or before July 9th so that defendant may have an opportunity to prove its security position and reclaim its collateral.
5. No previous application for relief requested has been made.
WHEREFORE, defendant, Ford Motor Company, respectfully requests an order that the issue scheduling the adversary proceeding in the above matter before auction sale on July 9, 1980 for such other and further relief as to this Court may seem just.
    Rood, Schwartz, Cohen & Ruderman
    Attorneys for Defendant
    275 Madison Avenue
    New York, New York 10016
    By: s/ Jerold R. Ruderman
        Jerold R. Ruderman
Dated: New York, New York
      June 30, 1980
Purolator's application was identical except for the substitution of $32,435.78 for the $64,974.17.

*Gibraltor Amusements LTD.*, 315 F.2d at 216; *In re Neisner Brothers, Inc.*, 2 B.R. at 474; *cf. Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d at 439 (where part one of test not satisfied, to allow amendment would be inequitable and improper).

Having stated the rule, however, the difficulty of its application becomes immediately apparent. Faced with factual situations almost identical to the case at bar, the Third and Ninth Circuits have reached contrary results.

In *In re Thompson*, 227 F. 981 (3d Cir. 1915), the Third Circuit denied the amendment based on the theory that a letter reciting a secured debt indicated the intention of the claimant to rely on the security as opposed to the intention to hold the estate liable. *Id.* at 983. The Ninth Circuit, on the other hand, found that intent "implicit" from the fact that the claimant was undersecured. *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970) (*per curiam*).

Fortunately, in the case at bar, the Court is of the opinion that it does not have to decide whether the language in the applications is sufficient to constitute an informal proof of claim. That is because assuming *arguendo* that it is sufficient, it would be inequitable under the circumstances to allow its amendment today.

It is axiomatic that amendments will be allowed only where to do so will not prejudice a party. At the hearing, however, the Court was informed that the trustee has compromised and settled several claims that the estate had against third parties based on projected distributions which were calculated on the assumption that Ford and Purolator would not be sharing in the estate due to their failure to file proof of claims. Moreover, the Court notes that this assumption was hardly unjustified in light of the conflicting case law pronouncements of what constitutes an informal proof of claim. Finally, the Court takes judicial notice of the fact that there are official forms for the filing of a proof of claim, which when filed are recorded in a separate claims register so that all the world might know who has demanded how much, why and when. The Court fails to understand how a trustee can be expected to administer an estate with "implicit" claims incubating in the files in perpetuity. As the Second Circuit has recently said:

> [To permit the late filing of a claim] would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote.

*Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433, 439 (2d Cir. 1978). *See also, In re Heyward*, 15 B.R. 629, 634 (Bkrtcy.E.D.N.Y.1981).

Accordingly, leave to file a formal proof of claim nunc pro tunc is denied.

Settle Order.