**In re G. Burnham LANMAN, Jr., Debtor.**

**Bankruptcy No. 41959.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 16, 1982.

Robert M. Fishman, Levit & Miller, Ltd., Chicago, Ill., for Rohlwing Grove.

Richard A. Marsh, Schumacher, Jones, Vallely, Kelly & Olson, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on Rohlwing Grove Venture's (RGV) objection to Charles

742

B. Lanman's attempt to amend his proof of claim from an unsecured claim to a priority claim for administrative rent eight months after the statutory claims period expired. The court, having carefully considered the memoranda filed by the parties, and being fully advised in the premises, hereby disallows the amended proof of claim of Charles B. Lanman.

Creditor, Charles B. Lanman (CBL), contends the following in support of his amendment: 1) that his February 3, 1981 timely proof of claim was inadvertently filed as an unsecured claim but nonetheless is sufficient to constitute a basis for amendment; 2) that the creditors of the debtor have been on notice since that time that a demand was being made upon the debtor's estate in the amount of $7,078.50; 3) that the monies advanced to the debtor for rental payments are an administrative expense and thus have priority over all other unsecured obligations to be satisfied out of the estate; and, 4) that the expiration of the claims period is not an absolute bar to the allowance of an amendment; the Bankruptcy Court sits as a court of equity and has the power to allow this amended proof of claim.

Creditor RGV contends: 1) that RGV agreed to a May, 1981 sale of debtor's assets and to a July, 1981 settlement of its claim with debtor based upon information available at that time which revealed no priority claim of CBL; 2) that the court has never authorized that the voluntary payment of rentals would have status as a priority claim; and 3) when RGV settled its claim with the debtor, it waived certain priority claims it was making for rent, and such waivers would not have been made had RGV known of the priority status now asserted by CBL.

■■■ RGV does not challenge the established proposition that rent incurred by a trustee or debtor-in-possession during their occupancy of lease premises is allowable as an administrative expense. *In re Standard Furniture Co.,* 3 B.R. 527 (Bkrtcy.Cal.1980). Nor does RGV challenge the fact that administrative expenses allowed under 11

U.S.C. Sec. 503(b) have priority over all other unsecured obligations that are to be satisfied out of the assets of the bankrupt's estate. Also RGV does not dispute the fact that CBL's timely filing of his unsecured proof of claim is sufficient to constitute a basis for amendment. Rather, the controversy here centers around the fact that CBL has attempted to amend an unsecured claim to a priority claim after RGV settled its claim against the debtor and waived certain of its priority claims against the debtor, relying upon the unsecured status of the CBL claim.

FACTUAL BACKGROUND

1. On or about December 15, 1979, G. Burnham Lanman, Jr. (debtor), filed his Chapter 11 petition.

2. Sometime thereafter, RGV filed a proof of claim in the amount of $219,560.76. On or about October 20, 1980, debtor filed an objection to this claim.

3. On or about December 15, 1980, the debtor converted the proceedings from a Chapter 11 to a Chapter 7 case. A meeting of creditors was held on or about January 5, 1981.

4. On February 3, 1981, Charles B. Lanman (CBL) filed a timely proof of claim in the amount of $7,078.50 which was filed as a general unsecured claim. This claim represented monies advanced to debtor to pay 3 months rent to RGV.

5. In May, 1981, the trustee, the debtor and certain creditors (including RGV) agreed to sell certain assets of the debtor to the Mercantile National Bank of Indiana in exchange for $25,000 and the waiver of all deficiency claims by the Bank against the estate.

6. On or about July 13, 1981, the debtor and RGV agreed to settle the RGV claim of $219,560.76 for $100,000.00.

7. On March 26, 1982, CBL, without leave of court, filed an amended proof of claim in the amount of $7,078.50 as a priority claim, eight months after the statutory claims period expired.

8. On June 25, 1982, RGV filed an objection to the amended proof of claim.

## DISCUSSION

■ In a bankruptcy proceeding, a creditor has six months after the date set for the first meeting of creditors in which to file a proof of claim. Rules Bankr.Proc. Rule 302, 11 U.S.C. However, Bankruptcy Courts may and should use discretion in allowing proofs of claim to be amended after the time for filing the claims has elapsed. *Perry v. Certificate Holders of Thrift Sav.,* 320 F.2d 584 (9th Cir.1963). Amendments are freely allowed for the correction of misdescriptions and minor inaccuracies in a statement of substantially the same claim, but not to permit new claims after the time for filing claims has expired. *In re Stevens,* 107 F. 243 (D.Vt.1901). Motions to amend claims are generally allowed only where it is equitable to do so and where there is proof in the record of the bankruptcy case showing a timely assertion of a similar claim or demand against the bankrupt's estate. *In re Moro Supply Co.,* 229 F.Supp. 129 (E.D.Ark.1963). *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982).

CBL argues that the timely filing by his attorney of his proof of claim *as unsecured* was inadvertent but nevertheless it was sufficient to show the assertion of the claim as a demand against the bankrupt's estate, and thus is sufficient to form a basis for subsequent amendment to priority status. However, before invoking its equity powers in favor of CBL, the bankruptcy court must consider RGV's reliance on the fact that CBL's claim was listed as unsecured for over thirteen months. Had CBL petitioned this court soon after filing its proof of claim to amend it to priority status, the court would have seriously entertained such a motion because under 11 U.S.C. 503(b)(1)(A), the actual, necessary costs and expenses of preserving the estate are allowed as administrative expenses. Costs of operating a business, storage fees, rent and taxes are contemplated within the phrase "the actual, necessary costs and expenses of preserving the estate." 3 Collier on Bankruptcy, ¶ 503.04 (15th ed.).

In *In re Standard Furniture,* 3 B.R. 527 (Bkrtcy.S.D.Cal., 1980), the court acknowledged the established proposition that rent incurred by a trustee or debtor during their occupancy of lease premises is allowable as an administrative expense. Similarly, in *In re Arzola,* 11 B.R. 762 (Bkrtcy.D.P.R., 1981), the court held that the trustee's obligation to pay rent as an administrative expense of liquidation commences with the adjudication and continues until the premises are returned to the landlord. In the present case, however, during the thirteen month period in which CBL's claim was pending as unsecured, RGV agreed to a sale of debtor's assets to the bank and settled a substantial claim against the debtor. Both decisions were based on a projected return in the event of liquidation of an estate reflecting no priority claim for CBL.

■ Amended proofs of claim to correct defects or mistakes are generally allowed to permit secured creditors who originally file their claims as unsecured to amend so as to assert their secured status. However, in so holding, it is vital that other creditors not be injured as a result of the amendment. For example, in *In re Myers,* 99 F. 691 (D.Ind.1900), the court said:

> The court undoubtedly possesses the power, in its discretion, and in a proper case, to allow proofs of debts to be amended and in case of mistake or ignorance, either of fact or law, will generally exercise that power, in the absence of fraud, and when all the parties can be placed in the same situation that they would have been in if the error had not occurred....

In *In re Meade Tool and Die Co.,* 164 F.2d 228 (6th Cir.1947) the court, in allowing an unsecured claim to be amended to reflect its security had the following to consider: 1) that the attorney who filed the proof of claim was blind and unaware that the printed form of the proof of claim contained the statement that there was no security for the debt; 2) that the creditor the blind attorney represented had a limited ability to read and understand the English language; and 3) that no injury to other creditors resulted. In the present case, the court

is not aware of any similar circumstances calling for utilization of its extraordinary equity powers. Furthermore, injury to RGV would result at this point because of its reliance upon CBL's claim as unsecured.

 *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982) the court formulated a two-part inquiry on whether or not to allow an amendment of a defectively filed proof of claim after the time for filing elapsed. The court inquired first: was an explicit demand made against the estate evidencing an intention to hold the estate liable; and second, based on the particular facts of the case, would it be equitable to allow the amendment. In applying this two-part test to CBL's original proof of claim, the court acknowledges the original filing did show an intent to hold the estate liable, but based on RGV's reliance of the claim as being unsecured, it would not be equitable to allow the amendment.

### CONCLUSION

The bankruptcy court, sitting as a court of equity, possesses the power to allow filing of a formal amended proof of claim where a timely original filing was accomplished indicating an intention to hold the estate liable. However, amendments are to be allowed only where to do so will not prejudice another party. Although CBL's original proof of claim was timely filed and evidenced an intention to hold the estate liable, creditor RGV relied, on two separate occasions, upon the unsecured status of the CBL claim. As a result, to permit the amendment of the CBL claim now would unduly prejudice and injure RGV.

IT IS HEREBY ORDERED that the claim of CBL as a priority claim is disallowed.