**In re BLACK & GEDDES, INC., Debtor.**

**ASSOCIATED CONTAINER TRANS-PORTATION (AUSTRALIA) LTD., and Pace Line, Plaintiffs,**

v.

**BLACK & GEDDES, INC., and Chester B. Salomon, Trustee, Defendants.**

**Bankruptcy No. 81 B 10399 (PBA). Adv. No. 83–5393–A.**

United States Bankruptcy Court, S.D. New York.

June 9, 1983.

---

Chester B. Salomon, P.C., New York City, for Trustee; Cindy E. Tzerman, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for plaintiffs; Wade S. Hooker, Jr., New York City, of counsel.

## DECISION AND ORDER ON MOTION TO DISMISS COMPLAINT

PRUDENCE B. ABRAM, Bankruptcy Judge.

On April 5, 1983, Associated Container Transportation (Australia) Ltd. and Pace Line ("Plaintiffs") commenced this adversary proceeding against the Trustee seeking to impose a constructive trust in the amount of $46,775.59 on funds in the hands of the Trustee. The Trustee responded by filing a motion to dismiss the complaint for failure to state a claim for relief as permitted by Rule 712 of the Rules of Bankruptcy Procedure. In support of this motion the Trustee submitted the affidavit of Cindy E. Tzerman, admitting as true for the purpose of the motion the facts alleged in the complaint and setting forth additional facts for the court's consideration of the motion. Plaintiffs submitted the affidavit of Wade S. Hooker, Jr. in opposition and both Plaintiffs and the Trustee submitted memorandum of law.

Since matters outside the complaint have been submitted and no objection has been made and both parties have addressed the legal issue raised, this court will not exclude the matters outside the pleadings and treats this as a motion for summary judgment as permitted by Bankruptcy Rule 712. This court is mindful of the Second Circuit's decision in *In re Bristol Industries Corporation,* 690 F.2d 26 (2d Cir.1982) reversing treatment of a Rule 12–b–6 motion as motion for summary judgment on the grounds that inadequacy of notice that the motion would be so treated deprived the opposing party of the opportunity to present its evidence. In this case, the essential facts are not in dispute as they are matters of record. Nor was any request made by Plaintiffs that the Tzerman affidavit be disregarded or that additional time be allowed for submission of additional affidavits. The court is satisfied that the Plaintiffs are not being prejudiced by treating the motion to dismiss as one for summary judgment.

Black & Geddes, Inc. was a freight forwarder and in that capacity acted as freight forwarder with respect to the shipments referred to in the complaint. The Plaintiffs acted as carriers of the shipments. Plaintiffs have not received payment of the freight charges for the shipments; payment of the charges was made to Black & Geddes but no remittance was made to Plaintiffs. Plaintiffs seek to im-

pose a constructive trust on funds in the hands of the Trustee in the amount of the freight charges collected. The complaint sufficiently alleges a cause of action for constructive trust. *In re Black & Geddes, Inc., Dampskibsselskabet AF 1912 v. Black & Geddes, Inc.,* 16 B.R. 148 (Bkrtcy.S.D.N. Y.1981).

The Trustee asserts that the complaint is untimely and therefore fails to state a claim for relief. Black & Geddes filed a petition under Chapter 11 for reorganization on February 23, 1981 and the case was converted to one under Chapter 7 on May 27, 1981. The Trustee was appointed shortly thereafter. Plaintiffs filed a timely proof of claim on April 27, 1981 as an unsecured creditor that makes no reference to any claim of constructive trust, even though Plaintiffs had sufficient information on which to base such a claim since they knew they had not received payment and that Black & Geddes had. Subsequent to the last day to file claims, the Trustee has made at least two distributions to creditors. Those distributions necessarily were premised on the amount that Trustee had on hand and the known claims and rights of creditors. The Trustee's position is that the Plaintiffs were required to assert their claim of constructive trust no later than December 29, 1981, the last day for filing of claims. This complaint was not filed until fifteen months later.

The Trustee's position is, in essence, one of repose and certainty. How is the Trustee to know whether and when he may safely make a distribution to creditors? If these Plaintiffs can now file an action so might additional shippers. The plaintiff-shippers' position is that, if a constructive trust is found, the funds were never property of the estate available for distribution. This is not a situation involving a recorded lien nor is it a case in which there is a written instrument expressly imposing a trust on the funds so that the Trustee might be chargeable with knowledge of the claim and required to act on the basis of that knowledge.

 ▪ The duties of the Trustee are set forth in Section 704 of the Bankruptcy Code. Among other things the Trustee is required to

"Collect and reduce to money the property of the estate for which such trustee serves, and closes up such estate as expeditiously as is compatible with the best interests of parties in interest."

*See also* 4 Collier on Bankruptcy (15th Ed.), ¶ 704.01[3] at 704–4. The court is persuaded that to effectuate the policy of expeditious action embodied in the section just quoted it is necessary that claims such as that of the Plaintiffs for constructive trust be asserted in any event not later than the date the Trustee makes his first distribution from the estate to creditors and thereby changes his position in reliance on the basis of the claims as filed. It is unnecessary to consider whether this result is reached because the bar date was the last date for assertion of the constructive claim or because laches and equitable estoppel intervened when the first distribution was made. The court is satisfied that in this case the failure to assert the constructive trust claim until now is fatal to its success and that the complaint for that reason fails to state a claim for relief.

 Nor would the result be different if the court treats the matter as a motion for leave to amend the timely filed proof of claim. Amendments are not allowed to assert new causes of action when prejudice would result. See *In re Lanman,* 24 B.R. 741 (Bkrtcy.N.D.Ill.1982); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924, 926 (Bkrtcy.E.D.N.Y.1982) ("It is axiomatic that amendments will be allowed only where to do so will not prejudice a party."); *In re Gibraltor Amusements Ltd.,* 315 F.2d 210, 213 and 216 (2d Cir.1963); *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978) ("[H]owever much we would like to permit the bankruptcy court to consider in a particular case * * * whether it would be 'equitable' to permit late filing of a scheduled claim, to do so would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of

excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote.")

The complaint is hereby dismissed.

SO ORDERED.