**In re Stephen Lynn WAHL, Debtor.**

**CITIZENS STATE BANK OF OWENSBORO, Plaintiff,**

**v.**

**Stephen Lynn WAHL, Defendant.**

**Bankruptcy No. 38200401.**
**Adv. No. 3820183.**

United States Bankruptcy Court, W.D. Kentucky.

July 12, 1983.

W. Craig Aulenbach, Louisville, Ky., for plaintiff.

L. Gregory Yopp, Louisville, Ky., for defendant.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

■ Citizens State Bank of Owensboro, plaintiff in this adversary proceeding, has requested permission to amend its original complaint. The amendment raises an objection to discharge, and the debtor resists because the amendment was filed after the deadline for filing such objections.[1] The present request lies in the discretion of the Court, reversible only for an abuse of that discretion.[2]

On two separate occasions recently this Court has denied similar motions because of insufficient identity between the cause of action stated in the original complaint and that proposed by the amendment.[3] Careful

---

1. The Court set June 16, 1982 as the deadline for filing objections to the discharge. Rule 409(a)(2), Rules of Bankruptcy Procedure.

2. *Conklin v. Joseph C. Hofgesang Sand Co.*, 565 F.2d 405 (6th Cir.1977); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir.1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974).

3. *In re Channel*, 29 B.R. 316 (W.D.Ky.1983) (gross differences in type, measure, and burden

of proof between a § 523(a)(5) nondischargeability of maintenance claim and an overall challenge to a discharge under § 727); *In re Wahl*, 28 B.R. 688 (A.P. 38200233) (W.D.Ky. 1983) (§ 523(a)(6)—willful and malicious injury by the debtor and § 523(a)(4)—fraud and defalcation while acting in a fiduciary capacity not permitted as amended claims to the original claim under § 523(a)(2)(A)—obtaining money by false pretenses).

scrutiny of this case, both the substance of the proposed claim and the procedural context, demonstrates that this plaintiff has complied with our strictly interpreted standards and will be permitted to amend its complaint.

On May 7, 1982 Citizens filed its complaint, objecting to the debtor's discharge under § 727 because of property transfers that allegedly hindered, delayed and defrauded the creditors. It also alleged nondischargeability of certain enumerated debts, on grounds of the use of a false financial statement § 523(a)(2)(B), and conversion of collateral, § 523(a)(6). The debtor filed an answer on May 20, denying the allegations of the complaint. The Court set an initial pretrial date which was continued three times; no motion practice occurred during this period. Finally, on November 1, 1982 the case was remanded generally from the docket because of settlement negotiations.

Discovery was also proceeding during these six months; the debtor's deposition was taken on October 18, 1982. It was information developed during that deposition that prompted Citizens to move this Court for leave to file an amended complaint.

■ Substantively, the plaintiff proposes two changes to the complaint. First, it wishes to delete certain allegations of conversion of collateral. Secondly, Citizens offers an additional allegation grounded in § 523(a)(2)(A), fraud by the debtor other than a written misrepresentation in his financial statement.

Because a responsive pleading has been filed by the defendant, the plaintiff may not amend its pleading "as a matter of course." Rather, it must follow the second remedial avenue provided by FRCP 15, and

obtain leave of court, which is to be "freely given when justice so requires." The Supreme Court has indicated that denial of such permissive amendments is warranted only for "undue delay, bad faith or dilatory motive on the part of the movant, (or) . . . undue prejudice to the opposing party. . . ." [4] The debtor-defendant, however, contends that the filing deadline serves as an absolute bar to additional or new objections, citing Collier's in support of this position.[5]

The basic determination we must make is whether a § 523(a)(2)(B) claim is "sufficiently identical" to a § 523(a)(2)(A) claim to permit the amended complaint to relate back to the original pleading filed. Upon comparison we conclude that they are. Both objections originate in § 523(a)(2) and involve an analysis of whether money, property, services, or an extension, renewal, or refinance of credit was obtained by some type of actual or positive misrepresentation by the debtor.

Section 523(a)(2) does provide two distinct exceptions to discharge: false financial statements are covered by subsection (b), and all other imaginable falsities fall into subsection (a). Yet it is but a single statutory remedy, aimed at preventing retention of the benefits of property acquired by fraudulent means.[6]

Initially, and as amended, plaintiff's complaint alleges falsity by the debtor in obtaining several loans. Unquestionably, the original pleading stated the general wrong and foreshadowed the supplemental objection. The conduct complained of in the amendment arose out of the same transactions, and can easily be identified with the original claim.[7] The new facts represent only an enlargement of the original pleadings and will be deemed to relate back to

4. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

5. Although the commentary in Collier's facially supports the debtor's position, it also presents important qualifications which acknowledge the need for a flexible approach to amendments.

6. Collier on Bankruptcy, ¶ 523.08 at p. 523–35 (15th Ed.1982).

7. *In re Dean,* 11 B.R. 542 (9th Cir.1981); *In re Englund,* 20 B.R. 957 (E.D.Mich.1982) (court allowed § 523(a)(2)(A) claim to be appended to a § 523(a)(4) claim).

the original complaint, absent countervailing factors.

We see none in the record before us. Citizens is not guilty of undue delay. The request came within one month of the catalytic deposition. Additionally, there is no evidence of bad faith or dilatory motive in the request. Finally, no prejudice to defendant has been shown. Indeed, this litigation is still in the pretrial mode, with discovery and settlement negotiations being pursued. A decision on the merits cannot possibly prejudice the opposing party.

We therefore hold that Citizens' motion for leave to file an amended complaint is granted.