**In re Jesse N. BAZELA, Cecilia Bazela, Debtors.**

**Bankruptcy No. 82–01196G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 5, 1984.

Carl D. Cronrath, Jr., Bingaman, Hess, Coblentz & Bell, Reading, Pa., for creditor, American Bank and Trust Co.

Adolph F. Fellmeth, III, Philadelphia, Pa., for debtors, Jesse N. Bazela and Cecilia Bazela.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The issue presented herein is whether a creditor can "amend" a proof of claim for a pre-petition debt which has been fully satisfied (as originally filed) by the debtors under the terms of their confirmed chapter 13 plan to include post-petition expenses incurred by said creditor in rectifying a variety of problems caused by the erroneous distribution of funds by the chapter 13 trustee. Because we find that the expenses currently sought by the creditor constitute a new and separate post-petition claim and since said claim does not fall within the ambit of section 1305(a) of the Bankruptcy Code ("the Code"), we will deny the creditor's motion to amend its proof of claim.

The facts of the instant case are as follows:[1] On March 18, 1982, Jesse and Cecelia Bazela ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. Thereafter, American Bank and Trust Company of Pennsylvania ("American") filed a secured proof of claim, dated July 6, 1982, in the amount of $1,692.04. All but $6.74 (late charges) of said sum constituted the amount of princi-

pal owed to the American by the debtors. On August 30, 1982, we confirmed the debtors' chapter 13 plan ("the plan") pursuant to which American's claim was to be paid in full by May 30, 1983, the date of the scheduled final payment to American.

At all times, the debtors were current on their scheduled payments to the chapter 13 trustee as provided for under the plan. However, the first ten (10) payments due American pursuant to the plan were mistakenly forwarded by the trustee to another secured creditor which was not to receive any payments under the plan. This error was eventually rectified and, on September 9, 1983, American received the monies mistakenly forwarded to the other secured creditor. On November 23, 1983, American received the final payment due it under the debtors' plan and its claim, as originally filed, was fully satisfied.

Nevertheless, on August 10, 1983, thirteen (13) months after filing its original proof of claim and nearly a year after confirmation of the debtors' plan, American filed a motion to amend its proof of claim on the theory that it was entitled to late charges and attorneys' fees incurred on account of the erroneous disbursements of funds by the trustee and the efforts expended by American to correct the mishap. The debtors filed an objection to American's motion and a hearing on said motion was held.

While American's motion is couched in terms of "amending" its original proof of claim, we find that the late charges and attorneys' fees that American now seeks to collect constitute a new and separate claim. Indeed, American concedes that the debtors were not in default prior to the filing of their petition and that it did not have a claim for late charges or attorneys' fees when it filed its original proof of claim.[2] As the court in *In re Lanman*, 24 B.R. 741, 743 (Bkrtcy.N.D.Ill.E.D.1982), stated:

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. *See* American's brief in support of its motion to amend at page 6.

Amendments are freely allowed for the correction of misdescriptions and minor inaccuracies in a statement of substantially the same claim, but not to permit new claims after the time for filing claims has expired (citation omitted). Motions to amend claims are generally allowed only where it is equitable to do so and where there is proof in the record of the bankruptcy case showing a timely assertion of a similar claim or demand against the bankrupt's estate (citations omitted).

Accordingly, American can only prevail if its present claim constitutes the type of post-petition claim envisioned by the Code.

American relies on section 1305(a) of the Code in support of its contention that it be permitted to amend its proof of claim for the pre-petition debt owed it even though said claim, as it was originally filed, has been fully satisfied under the debtors' confirmed plan. But that section merely provides that:

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending; or

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

11 U.S.C. § 1305(a) (1979).

It is clear that "the congressional purpose behind section 1305 is to permit the same treatment of certain *postpetition credit extended* to the chapter 13 debtor as for a pre-petition claim for purposes of proof, allowance, and priority (emphasis added)." *Collier on Bankruptcy,* ¶ 1305.01 at 1305–3 (15th ed. 1983). Furthermore, we do not construe American as being a holder of a claim against the debtors which arose out of a "consumer debt" which was incurred by the debtors after the commencement of their chapter 13 case "for property or services" that were "necessary" for the debt-

ors' performance under the plan. *See* 11 U.S.C. § 1305(a)(2). As *Collier's* explains:

The debtor often encounters unforseen circumstances which strain a marginal budget to the breaking point during the pendency of the chapter 13 plan. The only alternative to aborting the plan may be to obtain additional credit, such as for automobile repairs or hospital debts. Section 1305(a)(2) permits holders of post-petition claims *of this nature* to share with pre-petition creditors under the plan by permitting them to file proofs of claims (emphasis added) (all footnotes omitted).

*Id.* at 1305–8.

We recognize that the payments due American under the plan were delayed through no fault of its own and that it incurred attorneys' fees in correcting the problem. However, it is manifest that the debtors too were entirely blameless. Indeed, the debtors made all their scheduled payments to the trustee. We can find no statutory authority, and American has pointed to none, for allowing the post-petition expenses currently sought by American. Consequently, we will deny American's motion to amend its proof of claim.