**In re Clarence Robert MORGAN, Debtor.**

**COMPREHENSIVE ACCOUNTING CORP., Plaintiff,**

**v.**

**Clarence Robert MORGAN, Defendant.**

**Bankruptcy No. 3–82–01700.**
**Adv. No. 3–83–0964.**

United States Bankruptcy Court,
Tennessee.

June 26, 1984.

R. Louis Crossley, Jr., Knoxville, Tenn., for plaintiff.

Christopher W. Martin, Knoxville, Tenn., for debtor.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a creditor who has filed a timely objection to the debtor's discharge under 11 U.S.C.A. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), and 727(a)(5) (1979) may amend its complaint after the expiration of the deadline for filing such a complaint by asserting as additional grounds 11

U.S.C.A. §§ 727(a)(4)(A) and 727(a)(4)(C) (1979).

### I

The debtor filed a petition for relief under chapter 11 on November 5, 1982. On November 7, 1983, the debtor's chapter 11 reorganization case was converted to a liquidation proceeding under chapter 7. Notice was given to the plaintiff and other creditors establishing January 2, 1984, as the deadline for filing an objection to the debtor's discharge. On December 30, 1983, plaintiff filed a complaint asserting 11 U.S.C.A. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), and 727(a)(5) (1979) as grounds for denial of the debtor's discharge. Plaintiff did not file a motion requesting an extension of time for amending the complaint. After the deadline, plaintiff took the pretrial discovery deposition of the debtor on February 28, 1984. As a result of information obtained in the deposition, plaintiff moved the court on March 16, 1984, for leave to amend its complaint to allege 11 U.S.C.A. §§ 727(a)(4)(A) and 727(a)(4)(C) (1979) as additional grounds for denial of the debtor's discharge.

In support of its reliance upon 11 U.S.C.A. § 727(a)(4)(A) (1979)[1] plaintiff maintains that the debtor fraudulently failed to report certain assets and prepetition transfers in his schedule of assets and in his statement of financial affairs. Specifically, plaintiff asserts that the debtor failed to include a 1976 Ford automobile and failed to report the gratuitous transfer of $1,620.00 worth of toothpaste approximately two weeks before commencement of his chapter 11 case. Additionally, plaintiff asserts that the debtor fraudulently failed to report $259.96 in receipts in his October 1983 operating statement.

The factual basis of plaintiff's reliance upon 11 U.S.C.A. § 727(a)(4)(C)[2] is not ap-

---

1. 11 U.S.C.A. § 727(a)(4)(A) (1979) provides:

   (a) The court shall grant the debtor a discharge, unless—

   .    .    .    .    .

   (4) the debtor knowingly and fraudulently, in or in connection with the case—
   (A) made a false oath or account ....

2. 11 U.S.C.A. § 727(a)(4)(C) (1979) provides:

   (a) The court shall grant the debtor a discharge, unless—

   .    .    .    .    .

   (4) the debtor knowingly and fraudulently, in or in connection with the case—

   .    .    .    .    .

parent from the pleadings, briefs, or arguments of counsel.

## II

Plaintiff is entitled to amend and assert 11 U.S.C.A. § 727(a)(4)(A) (1979) as grounds for denial of the debtor's discharge.

The issue here is whether a timely-filed complaint objecting to discharge may be amended after the expiration of the deadline for filing such a complaint. Plaintiff is not seeking here to initially file its complaint objecting to discharge after the expiration of the deadline. This case is controlled, therefore, by Bankruptcy Rule 7015 and Fed.R.Civ.P. 15(c), governing the amendment of pleadings, and not by the application of any doctrine of "excusable neglect" to permit enlargement of the time for originally filing a complaint objecting to discharge. Thus, the determination of plaintiff's right to amend is not affected by the change in the new bankruptcy rules eliminating "excusable neglect" as a basis for enlarging the time for filing a complaint objecting to discharge. Bankruptcy Rule 9006(b)(3); Bankruptcy Rule 4004(b). *See Bradco Supply Corp. v. Lane*, 37 B.R. 410, 11 B.C.D. 707, 710 (Bankr.E.D.Va. 1984) ("No permissive feature based on excusable neglect to extend the filing of complaints exists in the new Rules.").[3]

Bankruptcy Rule 7015 provides for the applicability of Rule 15 of the Federal Rules of Civil Procedure in adversary proceedings. Fed.R.Civ.P. 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The Federal Rules have shifted the emphasis from the legal theory relied upon to the conduct of the defendant forming the basis of the plaintiff's claim. 3 *Moore's Federal Practice* ¶ 15.15[3] at 198 (1984). The search, then, under Fed.R.Civ.P. 15(c) is for "a common core of operative facts in the two pleadings." 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1497 at 495 (1971). Thus:

The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.

*Id.* at 500.

In its original complaint plaintiff relied upon 11 U.S.C.A. §§ 727(a)(2)(A) and 727(a)(2)(B) (1979), alleging that the debtor fraudulently concealed and transferred property. Plaintiff included no specific facts supporting the allegations in the original complaint. However, in its subsequent motion for summary judgment, plaintiff pointed to three specific instances: (1) the debtor's failure to include a 1976 Ford automobile in his schedule of assets, (2) the debtor's failure to report in his statement of financial affairs the gratuitous transfer of $1,620.00 worth of toothpaste two weeks before filing bankruptcy, and (3) the debtor's failure to include $259.96 in receipts on his October 1983 operating statement.

Clearly, plaintiff's § 727(a)(4)(A) cause of action, based upon the debtor's rendering of allegedly false accounts, arises out of

---

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forebearing to act ....

**3.** The question of when an amendment to a complaint "relates back" to the original complaint is altogether different from the question of whether the late filing of a complaint may be permitted for excusable neglect. By way of analogy, under the former Rules of Bankruptcy Procedure, although the six month period for filing a proof of claim under Rule 302(e) was absolute and mandatory, and could not be extended for excusable neglect, 11 U.S.C.A. Rules Bankr. Proc. Rule 906(b) (1977), it was nonetheless well established that the courts had " 'power to allow the amendment of a defectively filed proof of claim, even after the expiration of the time designated by the statute for the filing of claims.' " *In re Alsted Automotive Warehouse,* 16 B.R. 924, 925 (Bankr.E.D.N.Y.1982) (quoting *In re Gibraltar Amusements Ltd.,* 315 F.2d 210, 213 (2nd Cir. 1963) ).

the same conduct, transactions, or occurrences which form the factual basis of plaintiff's original cause of action for fraudulent concealment of property under §§ 727(a)(2)(A) and (B). Pursuant to 11 U.S.C.A. § 521(1) (1979) and Bankruptcy Rule 1007 the debtor was required to file a schedule of assets and liabilities and a statement of financial affairs. The essential thrust of plaintiff's § 727(a)(2) cause of action is that the debtor concealed property and transfers of property which he was required to disclose to the court and to his creditors. Any such concealment necessarily involves representations in the statement and schedules as to the nature and extent of the debtor's property and transactions. In a very real sense, the act of rendering the allegedly false account is the act of concealment or at least is an integral and essential part of the alleged act of concealment. "Omission of property from verified schedules may be both a false oath and a concealment." 4 *Collier on Bankruptcy* ¶ 727.04[1A] at 54 (15th ed. 1984). Thus, though founded on a different legal theory than that asserted in the original complaint, plaintiff's § 727(a)(4)(A) cause of action is plainly rooted in the same essential conduct, transaction, or occurrence—the debtor's assertedly fraudulent failure to reveal the existence of property and transactions which he was required to disclose.

In *Littlejohn v. Englund,* 20 B.R. 957 (Bankr.E.D.Mich.1982) the court found that a claim under 11 U.S.C.A. § 523(a)(2)(A) (1979), alleging the obtaining of property by false representations, related back to a claim under 11 U.S.C.A. § 523(a)(4) (1979), based upon a contractor's fraud or defalcation in a fiduciary capacity. The court observed that, in determining the relation back of an amendment, "the emphasis is on whether the specific conduct of the Defendant as alleged in the Amended Complaint can be identified with the original claim." *Littlejohn,* 20 B.R. at 960. *See also, Citizens State Bank of Owensboro v. Wahl,* 31 B.R. 471 (Bankr.W.D.Ky.1983) (§ 523(a)(2)(B) claim related back to § 523(a)(2)(A) claim). Similarly, in the instant case the transactional basis for both causes of action is the same.

Furthermore, the court finds no " 'undue delay, bad faith or dilatory motive on the part of the movant ... [nor] undue prejudice to the opposing party ....' " *Wahl,* 31 B.R. at 472 (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ). The debtor was amply apprised by the original complaint of plaintiff's basic contention that the debtor had failed to truthfully and accurately disclose the extent of his assets and transactions. The debtor was thus fairly put on notice by the original complaint. C.f. *McCullough v. Anderson,* 30 B.R. 229, 233 (Bankr.S.D.Fla. 1983) (oral motion at trial to amend complaint denied where "debtors were not given a reasonable opportunity to defend against the expanded charges.")

The authorities relied upon by the debtor are distinguishable from the instant case. In *Citizens Fidelity Bank and Trust Co. v. Wahl,* 28 B.R. 688 (Bankr.W.D.Ky.1983), the plaintiff predicated its original complaint on a cause of action under 11 U.S. C.A. § 523(a)(2)(A) (1979) for obtaining money, etc., by false pretenses, a false representation, or actual fraud. The plaintiff sought to amend by adding causes of action under 11 U.S.C.A. § 523(a)(4) (1979) for fraud or defalcation in a fiduciary capacity and 11 U.S.C.A. § 523(a)(6) (1979) for willful and malicious injury to another entity or the property of another entity. The court denied leave to amend. Characterizing prejudice to the opposing party as "the most important factor considered by the courts in deciding whether leave to amend should be granted," *Wahl,* 28 B.R. at 690, the court observed:

> The test of relation back is the adequacy of notice given to the defendant by the original complaint of the general wrong and conduct complained of.

*Wahl,* 28 B.R. at 690.

As previously noted, that test is well satisfied in the instant case.

In *Coccia v. Fischer,* 4 B.R. 517 (Bankr. S.D.Fla.1980), the plaintiff sought to

amend a complaint which failed to allege any grounds for denial of discharge under 11 U.S.C.A. § 727 (1979) by adding after the deadline a § 727 cause of action. In essence, then, no complaint objecting to the discharge under § 727 was filed within the required period. No basis whatsoever for objecting to the debtor's discharge was asserted prior to the deadline. The plaintiff was attempting to assert a new cause of action with an entirely different transactional basis than that of the original complaint. That situation is clearly different from the instant case. *See also Channel v. Channel*, 29 B.R. 316, 318 (Bankr.W.D. Ky.1983) ("gross differences not only in the basis of the claim ... but in the type, measure and burden of proof" prevent amended complaint asserting objection to discharge from relating back to a complaint asserting nondischargeability of a single debt).

Plaintiff will therefore be permitted to amend its complaint to assert a cause of action predicated on 11 U.S.C.A. § 727(a)(4)(A) (1979). However, plaintiff has failed to indicate the factual basis for its amendment predicated on 11 U.S.C.A. § 727(a)(4)(C) (1979). As the court is unable to determine whether plaintiff would attempt to contend that this claim arises out of the same conduct, transaction, or occurrence as does the original complaint, the court must deny plaintiff's motion insofar as it seeks to amend and assert a cause of action based upon 11 U.S.C.A. § 727(a)(4)(C) (1979).

IT IS SO ORDERED.